564 So.2d 240 (1990)
Judy MARTIN, Appellant,
v.
Carolyn Austgen BROUSSEAU, Appellee.
No. 89-0471.
District Court of Appeal of Florida, Fourth District.
July 18, 1990.
Thomas D. Lardin of Thomas D. Lardin, P.A., Fort Lauderdale, and Barbara G. Banks, Barbara G. Banks, P.A., Coral Springs, for appellant.
James T. Sparkman of Barnett, Clark and Barnard, Fort Lauderdale, for appellee.
Sharon Lee Stedman of Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, P.A., Orlando, for amicus curiae-Florida Defense Lawyers Ass'n.
SALMON, MICHAEL H., Associate Judge.
The appellant won a jury verdict but in an amount that was at least twenty-five percent less than the amount stated in an offer of judgment made by the appellee (the verdict was for $7,500; the offer of judgment was for $10,200). Upon motion made by the appellee, the trial court awarded costs and attorneys' fees provided for in section 768.79, Florida Statutes (1987) (the "statute") and Florida Rule of Civil Procedure 1.442 (the "court rule").[1] Because we conclude that the offer of judgment contained conditions not permitted by either the statute or the court rule, we reverse.
The offer of judgment states that it is made pursuant to the statute and the court rule. In addition to stating the amount of *241 the judgment, the offer contained several requirements. The appellant was required to execute a full and complete release and satisfaction, a hold harmless affidavit, and a stipulation for dismissal with prejudice.[2] The appellant did not accept the offer, nor did she complain about conditions imposed. Neither the rule nor the statute provide for conditions upon an offer to allow a judgment to be taken against the party making the offer, and we find no such authority elsewhere.
The appellee contends that this court's opinion in BMW of North America, Inc. v. Krathen, 471 So.2d 585 (Fla. 4th DCA 1985) expressly provides that conditions may be included in an offer of judgment. We do not agree. In that case, the Krathens sought money damages for breach of express and implied warranty under the Uniform Commercial Code and for violations of the Magnuson-Moss Warranty Act. BMW served an offer to allow the Krathens to take judgment against them in the amount of $20,500.00. The Krathens accepted "as written," and judgment was entered by the clerk. BMW then moved to clarify the offer and vacate the judgment, claiming that at all times it intended for the Krathens to return the automobile as a condition precedent. This court was never called upon to determine whether conditions could be imposed to an offer of judgment. Despite a statement made in that part of the decision dealing with BMW's attempt to be relieved of the judgment because of mistake, inadvertence, surprise or excusable neglect, this court decided only that once an offer of judgment was accepted, the resulting contract should be construed according to contract law, and governed solely by the language used by the parties if that language is without ambiguity.
Because we have held that the offer of judgment in this case was invalid on account of the conditions imposed, it is unnecessary to consider the other matters raised by the parties and amicus curiae.
Reversed and remanded with directions to enter judgment in accordance with the verdict.
DELL, J., concurs.
GLICKSTEIN, J., dissents with opinion.
GLICKSTEIN, Judge, dissenting.
I would affirm, as neither the briefs nor the majority opinion provide an argument which persuades me to interfere with the trial judge's decision. The plaintiff clearly received from the jury less than she needed to receive in order to fall within the statutory protection.
No authority nor legislative history is before us to guide us into having the tail, the additional documents, wag the dog, the amount offered and the amount awarded.
NOTES
[1] This rule has been substantially amended, effective January, 1990.
[2] The forms of these documents were not supplied with the offer.