763 So.2d 1106 (1999)
J.J.'S MAE, INC., Appellant,
v.
MILLIKEN & COMPANY, and Jonathan Birth, a minor, by and through his parents and next friends, David Birth and Sandra Birth, and David Birth, individually, and Sandra Birth, individually, Appellees.
Nos. 98-1789, 98-4182.
District Court of Appeal of Florida, Fourth District.
December 15, 1999.
*1107 Clifford M. Miller and Glenn Webber of Law Office of Bohdan Neswiacheny, Fort Lauderdale, for appellant.
Benjamin L. Bedard and Paul F. Grondahl of Roberts & Reynolds, P.A., West Palm Beach, for appellee Milliken & Company.
WARNER, C.J.
We reverse the award of attorney's fees recovered pursuant to an offer of judgment. The offer contained various conditions requiring the offeree to satisfy certain liens. In Martin v. Brousseau, 564 So.2d 240, 241 (Fla. 4th DCA 1990), we held that an offer of judgment which imposed conditions was invalid under the rule and statute. When the court decided Martin, Florida Rule of Civil Procedure 1.442, regarding offers of judgment, did not allow for any conditions to be included in an offer. Although the rule has subsequently been amended to permit the inclusion of conditions, see rule 1.442(c)(2)(C), appellant was entitled to consider the offer under the law in effect at the time the offer was made. See Metropolitan Dade County v. Jones Boatyard, Inc., 611 So.2d 512, 513-14 (Fla.1993); Brodose v. School Bd. of Pinellas County, 622 So.2d 513, 515 (Fla. 2d DCA 1993). Thus, the conditions of this offer rendered it invalid, and the attorney's fee award made pursuant to the offer is reversed.
DELL and GUNTHER, JJ., concur.