782 So.2d 464 (2001)
GULF COAST TRANSPORTATION, INC., d/b/a United Cab Company, Appellant,
v.
Eloisa Andrea PADRON, Appellee.
No. 2D99-4314.
District Court of Appeal of Florida, Second District.
March 21, 2001.
*465 Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Pompano Beach; and Mike Snowden of Neale & Dealmeida, P.A., Fort Lauderdale, for Appellant.
Sharon H. Proctor of Proctor Law Office, Avon Lake, OH; and Omar F. Medina of the Law Offices of Omar F. Medina, Tampa, for Appellee.
STRINGER, Judge.
Gulf Coast Transportation, Inc., ("Gulf Coast") challenges an order striking its proposal for settlement. Gulf Coast argues that its proposal for settlement did not contain impermissible conditions, and the trial court incorrectly calculated the judgment obtained in determining its entitlement to attorney's fees. We agree and reverse.
On September 1, 1992, a collision occurred between a motor vehicle driven by Eloisa Andrea Padron and a United Cab taxi. Mrs. Padron filed suit against Gulf Coast seeking damages for her personal injuries. Prior to trial, Gulf Coast submitted a proposal for settlement pursuant to section 768.79, Florida Statutes (1997), and Florida Rule of Civil Procedure 1.442. The offer was for $50,000 and required that Mrs. Padron execute a full and complete release and a stipulation for dismissal with prejudice. Mrs. Padron rejected the offer. The case was tried before a jury, resulting in a verdict finding Gulf Coast 85 percent liable and Mrs. Padron 15 percent liable. The total jury award was $56,190. After the trial court deducted set-offs for social security disability income and PIP benefits, it entered a final judgment in favor of Mrs. Padron in the net amount of $22,761.50.
Gulf Coast then filed a motion to tax costs and attorney's fees based on the proposal for settlement it had served on Mrs. Padron. In denying Gulf Coast's motion for attorney's fees, the trial court *466 found that Gulf Coast's offer did not meet the requirements of section 768.79 because it contained impermissible conditions. The trial court also found that, pursuant to section 768.79, Mrs. Padron would have been entitled to the addition of all collateral source benefits received or due from the date of the settlement proposal forward in calculating the judgment obtained. With the addition of the collateral source benefits, the trial court concluded that the judgment obtained would be greater than 25 percent of Gulf Coast's proposal.
In Earnest & Stewart, Inc. v. Codina, 732 So.2d 364 (Fla. 3d DCA 1999), the Third District examined an offer that stated, if accepted, the parties would exchange general releases, and the plaintiff would voluntarily dismiss the action with prejudice. The Third District held that the offer was valid because the requirements of dismissal and releases are not really "conditions" at all, but rather were mechanical and legally inconsequential means of effecting the settlement. Id. at 366.
We agree with Codina and conclude that the conditions stated in Gulf Coast's proposal for settlement were not impermissible conditions that invalidated the offer. The proposal for settlement required that Mrs. Padron execute a release on behalf of Gulf Coast and a stipulation permitting the dismissal of the action. Such conditions were inconsequential to the offer and were merely formalities that normally would occur once an offer is accepted. Codina, 732 So.2d at 366.
Mrs. Padron argues that this court's opinion in McMullen Oil Co. v. ISS International Service System, Inc., 698 So.2d 372 (Fla. 2d DCA 1997), requires we find that the inclusion of the conditions in the proposal for settlement invalidated the proposal. In McMullen Oil, this court held that a settlement proposal which contained an offer for "$50,001, plus interest, costs, and attorney fees as the court may award" was impermissible. This court reasoned that even if ISS accepted the offer, it still would be forced to litigate both its entitlement to attorney's fees and the reasonable amount of those fees. Id. at 374. Thus, by offering to pay ISS's attorney's fees only if ISS first obtained an award from the court, McMullen Oil imposed a condition that was not authorized by section 768.79.
We find McMullen Oil distinguishable from this case for two reasons. First, the conditions involved in this case did not require Mrs. Padron to litigate for a portion of the award contained in the offer. The offer merely required that she execute a release and dismissal of the action which normally occurs after an offer is accepted.
The second reason McMullen Oil is distinguishable from this case is because McMullen Oil dealt with an offer that was made prior to the 1997 amendment of rule 1.442. The amended version of rule 1.442(c)(2) provides, in relevant part, as follows:
(2) A proposal shall:
(A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
(B) identify the claim or claims the proposal is attempting to resolve;
(C) state with particularity any relevant conditions;

. . . .
Fla. R. Civ. P. 1.442(c)(2) (emphasis added). Thus, the rule in effect at the time Gulf Coast made its offer specifically contemplated conditions. J.J.'s Mae, Inc. v. Milliken & Co., 763 So.2d 1106 (Fla. 4th DCA 1999) (recognizing that its prior case law has been superseded by the 1997 amendment of rule 1.442). For these reasons, *467 we find McMullen Oil distinguishable from this case.
Gulf Coast also argues that the trial court incorrectly calculated the judgment obtained in determining whether it was entitled to attorney's fees. Mrs. Padron concedes that the trial court erred in concluding that all her future social security disability income, including amounts not yet due or payable at the time of the judgment, should be added to the net judgment for purposes of computing the judgment obtained under section 768.79.
Section 768.79(6), provides, in part, that: For purposes of the determination required by paragraph (a), the term "judgment obtained" means the amount of the net judgment entered, plus any postoffer collateral source payments received or due as of the date of the judgment, plus any postoffer settlement amounts by which the verdict was reduced. For purposes of the determination required by paragraph (b), the term "judgment obtained" means the amount of the net judgment entered, plus any postoffer settlement amounts by which the verdict was reduced.
§ 768.79(6), Fla. Stat. (1997). Thus, only collateral source payments that were received or due as of the date of the judgment are to be added to the verdict to determine the judgment obtained. The trial court erred in concluding that all of the social security disability payments Mrs. Padron was entitled to, including future amounts not due or payable as of the date of the judgment, should be added to the verdict to determine the judgment obtained.
As an alternative argument, Mrs. Padron asserts that when one adds her pre-proposal taxable costs and allowable collateral source payments to the net judgment, Gulf Coast still would not be entitled to attorney's fees. However, this court in Mincin v. Short, 662 So.2d 1323 (Fla. 2d DCA 1995), held that taxable statutory costs are not damages and should not be added to the jury award in determining the judgment obtained under section 768.79. The holding in Mincin has recently been reaffirmed by this court in White v. Steak and Ale of Florida, Inc., 779 So.2d 527 (Fla. 2d DCA 2000), in which this court cited Mincin and certified conflict with Perez v. Circuit City Stores, Inc., 721 So.2d 409 (Fla. 3d DCA 1998) (holding that cost should be added to verdict to determine judgment obtained). Thus, we conclude that taxable cost should not be added to the verdict in determining the amount of the judgment obtained.
It is not clear from the record the exact amount Mrs. Padron received or was due in collateral source payments as of the date of the judgment. Accordingly, we reverse the order striking the proposal for settlement and remand this case to the trial court for a determination of Gulf Coast's entitlement to attorney's fees in light of this opinion.
Reversed and remanded with instructions.
FULMER, A.C.J., and CASANUEVA, J., concur.