797 So.2d 1289 (2001)
Brian ZALIS, Appellant,
v.
M.E.J. RICH CORP., a New Jersey corporation, Slark Corp., a Delaware corporation, and Edward Priore, Appellees.
No. 4D01-1825.
District Court of Appeal of Florida, Fourth District.
October 31, 2001.
*1290 Franklin L. Zemel and Teri L. Di Giulian of Broad and Cassel, Fort Lauderdale, for appellant.
Peter Ticktin and Caron Speas of Scholl, Ticktin & Associates, P.A., Boca Raton, for appellee Edward Priore.
PER CURIAM.
The plaintiffs sued the defendant for, inter alia, filing false allegations of domestic violence. The defendant counter-claimed for malicious prosecution. Before trial, the defendant offered to settle the lawsuit for $20,000 under the condition that the parties exchange mutual releases that neither the plaintiff nor any firm associated with him would bring any future action against the defendant or anyone associated with him. The plaintiff refused. Zalis subsequently won a $105,000 jury verdict and made a motion for attorneys' fees pursuant to section 768.79 of the Florida Statutes.
The trial court found the condition in the settlement offer to be invalid and denied the motion for attorneys' fees. The defendant appeals.
Section 768.79 of the Florida Statutes requires that offers of judgment state with particularity the amount offered to settle a claim for punitive damages. The section creates "penalties" for the declining party's failure to accept the offer and end the litigation. Abbott & Purdy Group Inc. v. Bell, Jr., 738 So.2d 1024, 1026 (Fla. 4th DCA 1999).
Under Florida Rules of Civil Procedure 1.442(c), proposals for settlement must state with particularity any relevant conditions, state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal.
The condition that a plaintiff relinquish all rights to sue about anything at any point in the future is intrinsically a condition incapable of being stated with the particularity required under section 768.79 of the Florida Statutes. No reasonable *1291 estimate can be assigned to such a waiver. The defendant's offer simply did not give the plaintiff a determinable value with which to weigh his chances at trial. Though the defendant seems to fear future actions, there are other mechanisms to counteract such problems, such as the defendant's jury verdict of $105,000 for malicious prosecution.
If the condition is invalid, it follows that the whole offer is invalid as well. Accordingly, the trial court did not err in denying the defendant's motion for attorneys' fees.
AFFIRMED.
GUNTHER, WARNER and GROSS, JJ. concur.