**In re Denise AUFFANT, Debtor.**

**USAA Casualty Insurance Company, Plaintiff,**

v.

**Denise Auffant, Defendant.**

**Bankruptcy No. 00–13437–8W7. Adversary No. 00–554.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 11, 2002.

Joel S. Treuhaft, Palm Harbor, FL, for debtor/defendant.

Robert E. Vaughn, Jr., Butler Burnett Pappas, LLP, Tampa, FL, for movant/plaintiff.

Susan K. Woodard, St. Petersburg, FL, trustee.

***Memorandum Decision and Order on Plaintiff's Entitlement to Attorney's Fees and Costs Under Florida Offer of Judgment Law***

MICHAEL G. WILLIAMSON, Bankruptcy Judge.

This proceeding came on for an evidentiary hearing on February 4, 2002 ("Hearing"), with respect to the amount of the judgment to be entered against the defendant, Denise Auffant ("Debtor"), for attorney's fees and costs to which the plaintiff, USAA Casualty Insurance Company ("USAA" or "Plaintiff"), is entitled under section 768.79 of the Florida Statutes and Rule 1.442 of the Florida Rules of Civil Procedure (collectively, as defined for purposes of this proceeding, the "Florida Offer of Judgment Law").

*Procedural and Factual Background*

USAA incurred the attorney's fees and costs that are the subject of this proceeding in its defense of a state court action

("State Court Action") brought by the Debtor in 1998 against USAA in the county court for Pinellas County, Florida ("State Court"). During the pendency of the State Court Action, USAA made an offer of judgment pursuant to the Florida Offer of Judgment Law, which was rejected by the Debtor. The Debtor filed her chapter 7 petition on August 30, 2000, following an adverse jury verdict and with a pending motion to assess attorney's fees and costs scheduled to be heard in the State Court on August 31, 2000.

Thereafter, USAA filed this adversary proceeding seeking a determination that the attorney's fees and costs to which USAA is entitled under the Florida Offer of Judgment Law are nondischargeable under Bankruptcy Code section 523(a)(6). On October 16, 2001, this Court entered summary judgment in favor of USAA finding that the attorney's fees and costs are nondischargeable under the facts of this case.[1]

There are two issues remaining that were before the Court at the Hearing. The first is the amount of attorney's fees and costs to which USAA is entitled. For the reasons stated orally and recorded in open court with respect to the issue of the amount of fees and costs to be awarded, the Court found at the Hearing that (subject to the Court's determination of the second issue, considered below) USAA is entitled to attorney's fees in the amount of $52,163.00 and costs in the amount of $3,973.13, for a total fee and cost award under the Florida Offer of Judgment Law of $56,136.13 ("Fee Award").

The second and remaining issue before the Court is whether the offer of judgment is invalid for the reasons expressed in the case of *Zalis v. M.E.J. Rich Corp.*, 797 So.2d 1289 (Fla. 4th DCA 2001) (a case decided after the petition date). The *Zalis* case held that an offer of judgment is invalid if it contains an impermissible condition that is incapable of being stated with particularity as required by Rule 1.442 of the Florida Rules of Civil Procedure. Thus, the inquiry here is whether the condition that the Debtor execute a general release as part of the settlement rather than a release specific to the issues in controversy amounts to such an impermissible condition.

For the reasons set forth below, the Court will grant summary judgment against the Debtor with respect to this issue and enter judgment for USAA in the amount of the Fee Award.

*Issue*

Does the requirement set forth in USAA's offer of judgment—that the Debtor execute a general release containing the language quoted below—render the offer of judgment invalid under the Florida Offer of Judgment Law? The exact language contained in the offer of judgment is as follows:

> ... PLAINTIFF grants a full and general release and discharge of any and all claims and demands of whatever nature which PLAINTIFF holds or may hold, known or unknown, including any claim based on any action or failure to act up to the present date, even though the act or failure to act may not be discovered or become manifest until some date in the future, against USAA and any of its officers, directors, employees, representatives, agents, adjusters, claim representatives, attorneys, predecessors, successors and assigns, including, but not limited to, any and all claims for contrac-

---

**1.** *USAA Casualty Insurance Co. v. Denise Auffant (In re Auffant)*, 268 B.R. 689, 38 Bankr. Ct.Dec. 137 (Bankr.M.D.Fla.2001).

tual or extra-contractual damages, compensatory, punitive, exemplary or special damages, bad faith, attorneys' fees, costs or interest related to property damage from the theft loss on August 30, 1997, to the insured's automobile. This Mutual General Release includes, but is not limited to, any and all claims arising out of or related to the handling, investigation, and settlement of any claim under the Policy, whether sounding in tort or contract to include, but not be limited to, any claim for bad faith related to the theft loss or claims handling of the insured property occurring on August 30, 1997 and the consequences thereof.

### Conclusions of Law

■ The Florida Supreme Court has noted that the legislative purpose of section 768.79 is to encourage the early settlement and termination of litigation in civil cases generally. *MGR Equip. Corp., Inc. v. Wilson Ice Enterprises, Inc.,* 731 So.2d 1262, 1264 (Fla.1999) (citations omitted). Similarly, with respect to Rule 1.442, "[t]he clear intent of the underlying policy of the rule was to terminate all claims, end disputes, and obviate the need for further intervention of the judicial process." *Unicare Health Facilities, Inc. v. Mort,* 553 So.2d 159, 161 (Fla.1989). In fact, Rule 1.442 was modified in 1997 to require even greater detail in settlement proposals, for the purpose of enabling "parties to focus with greater specificity in their negotiations and thereby facilitate more settlements and less litigation." *MGR,* 731 So.2d at 1264, n. 2.

As noted above, the Florida Offer of Judgment Law, as applicable to the State Court Action and as defined herein for purposes of this proceeding, has two components—the first is statutory (under Florida Statute section 768.70), and the second arises under the Florida Rules of Civil Procedure (Rule 1.442). Both of these contain requirements as to the form and content of the offer of settlement. Under section 768.70, an offer must:

(a) Be in writing and state that it is being made pursuant to this section.

(b) Name the party making it and the party to whom it is being made.

(c) State with particularity the amount offered to settle a claim for punitive damages, if any.

(d) State its total amount.

Fla.Stat. § 768.79.

Under Rule 1.442, a proposal for settlement must:

(A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;

(B) identify the claim or claims the proposal is attempting to resolve;

(C) state with particularity any relevant conditions;

(D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;

(E) state with particularity the amount proposed to settle a claim for punitive damages, if any;

(F) state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim; and

(G) include a certificate of service in the form required by rule 1.080(f).

Fla.R.Civ.P. 1.442.

■ Importantly, where the statutory prerequisites have been met, the Offer of Judgment Statute creates a "mandatory right to attorney's fees." *TGI Friday's, Inc. v. Dvorak,* 663 So.2d 606, 611 (Fla. 1995) (citing with approval *Schmidt v. Fortner,* 629 So.2d 1036, 1040 (Fla. 4th DCA 1993)).

■ The Debtor primarily relies on the case of *Zalis v. M.E.J. Rich Corp.*, 797 So.2d at 1289, for the proposition that "[t]he condition within Plaintiff's proposal for settlement that the parties execute a general release rather than a release specific to the issues in controversy amounted to an impermissible condition." [2] The language in the release in this case which the Debtor finds objectionable is **"including, but not limited to,"** and **"of any and all claims and demands of whatever nature which Plaintiff (Auffant) holds or may hold, known and unknown."** Defendant's Supplemental Authority at 1–2 (emphasis in original).

In comparison, in *Zalis*, 797 So.2d at 1290, the defendant offered to settle the lawsuit for $20,000 subject to the condition that "the parties exchange mutual releases that neither the plaintiff nor any firm associated with him would bring any future action against the defendant or anyone associated with him." The release was without reference to any time frame—with respect to when the underlying act giving rise to any such cause of action must have occurred. Accordingly, the trial court found the condition in that settlement offer to be invalid and denied the motion for attorney's fees. In affirming the trial court, the *Zalis* court noted that under Rule 1.442(c) of the Florida Rules of Civil Procedure, proposals for settlement must state with particularity all nonmonetary terms of the proposal. The language in the settlement proposal made in *Zalis* offended this requirement. As noted by the court:

> The condition that a plaintiff relinquish all rights to sue **about anything at any point in the future** is intrinsically a condition incapable of being stated with the particularity required under section 768.79 of the Florida Statutes. No reasonable estimate can be assigned to such a waiver. The defendant's offer simply did not give the plaintiff a determinable value with which to weigh his chances at trial.

*Id.* at 1290–91 (emphasis added).

This Court does not read *Zalis* as standing for the proposition that the requirement of a general release (in and of itself) renders an offer of judgment invalid for purposes of the Offer of Judgment Law. In this regard, in *Zalis*, the release of the right to "sue **about anything at any point in the future**" [3] makes it readily distinguishable from other Florida cases that make it clear that the inclusion of a requirement for a general release is not a condition incapable of being stated with particularity, but rather a "mechanical and legally inconsequential means of effecting" the settlement. *Gulf Coast Transportation, Inc. v. Padron*, 782 So.2d 464, 466 (Fla. 2d DCA 2001). In *Gulf Coast*, the Second District Court of Appeal noted that Rule 1.442(c)(2) was amended in 1997 to specifically include a requirement that the settlement proposal "state with particularity any relevant conditions ..." and held that the settlement did not impose impermissible conditions by requiring that the plaintiff execute a full and complete release as well as requiring the plaintiff to dismiss the action with prejudice. *Id.* at 465. *See also Earnest & Stewart, Inc. v. Codina*, 732 So.2d 364 (Fla. 3d DCA 1999); *J.J.'s Mae, Inc. v. Milliken & Co.*, 763 So.2d 1106 (Fla. 4th DCA 1999) (recognizing that its prior case law has been super-

---

**2.** Defendant's Supplemental Authority on Plaintiff's Motion for Attorney Fees (Doc. No. 41) ("Defendant's Supplemental Authority"), at 4.

**3.** *Id.* (emphasis added).

seded by the 1997 amendment of Rule 1.442).

Rather than a release as to claims arising from future actions, as dealt with by *Zalis*, the general release required by USAA in this case contains a permissible condition typical in any settlement of this kind of lawsuit. It includes any claim "based on any action or failure to act up to the present date...."[4] It is not reasonable to read the release language in the instant case to include future causes of action arising out of acts occurring "at any point in the future" as was the situation in *Zalis*.

To the contrary, the goal of USAA in drafting the general release in this case was to insure that following acceptance of the offer of judgment and payment of the $3,000, the Debtor would be precluded from bringing an action for bad faith for denying her claim. In such a bad-faith action, the Debtor would have sought attorney's fees which, according to the Debtor's admission at the Hearing, would have been in the range of $125,000. Accordingly, despite its appearance, the State Court Action was not a $3,000 case. It was a case in which USAA had exposure for well over $100,000, even if, as alluded to by the Debtor's attorneys during the pendency of the State Court Action, the verdict was for "one penny."[5]

Necessarily, the bad-faith action could not have been brought until after conclu-

sion of the insured's underlying first-party action for insurance benefits. *Blanchard v. State Farm Mutual Automobile Insurance Co.*, 575 So.2d 1289 (Fla.1991). It is only when such an action is resolved favorably to the insured that an action for bad faith can be brought. *Id.* As a result, it is reasonable to assume that in any settlement of a first-party claim against an insurance company, the insurance company will insist on a release of any subsequent potential bad-faith action. Obviously, that is one of the insurance company's primary motivations in settling a first-party action. To maintain that such settlements cannot be effected through the Offer of Judgment Law would be a disincentive to such settlements and would ignore the fundamental public policies underlying the Offer of Judgment Law which is to "terminate all claims, end disputes, and obviate the need for further intervention of the judicial process." *Unicare Health Facilities, Inc. v. Mort*, 553 So.2d at 161.

*Conclusion*

In this case, conditioning the offer of judgment on the receipt of a general release as to all claims that the Debtor had against USAA at the time was entirely consistent with the purpose of ending all disputes and terminating the litigation between USAA and the Debtor. It was also consistent with the plain meaning of the terms of Rule 1.442 of the Florida Rules of Civil Procedure. That rule simply re-

---

4. Defendant's Supplemental Authority, at 1–2.

5. Rule 1.442 of the Florida Rules of Civil Procedure provides that a trial judge can reject a claim for attorney's fees if the proposal was not made in good faith. The question of whether a proposal was served in good faith turns "entirely on whether the offeror had a reasonable foundation upon which to make his offer and made it with the intent to settle the claim against the offeree should the offer be accepted." *Wagner v. Brandeberry*, 761 So.2d 443, 446 (Fla. 2nd DCA 2000). In this

case, USAA certainly had a reasonable foundation upon which to make its offer and clearly made it to settle the claim against the offeree should the offer be accepted. In addition, the State Court at a hearing conducted on August 1, 2000, concluded that USAA was entitled to attorney's fees under the Florida Offer of Judgment Law subject only to a determination of the amount of the fees and costs. *See also* Joint Pre–Trial Stipulation, ¶ 5.

quires that the offer state with particularity any relevant conditions and nonmonetary terms. A general release is one of those relevant nonmonetary terms. It is the Court's conclusion, therefore, that the offer of judgment made by USAA in the State Court Case was proper under the Florida Offer of Judgment Law. Accordingly, since the judgment in the State Court Action was adverse to the Debtor, USAA is entitled to the full amount of the Fee Award. It is, therefore,

ORDERED:

1.  Summary judgment is granted in favor of USAA and against the Debtor with respect to all remaining issues in this proceeding.

2.  USAA is entitled to a judgment in the amount of the Fee Award.

3.  Counsel for USAA is directed to prepare and furnish to the Court for entry an appropriate form of final judgment consistent with this order.