HAZOURI, J.
This is an appeal from an order denying a motion for attorneys’ fees by the Board of Trustees of Florida Atlantic University based on proposals for settlement which it had made pre-trial. We reverse.
In December 1999, eight plaintiffs (Plaintiffs) filed suit against the Board of Regents of the Division of Universities of the Department of Education ex rel. The Florida Atlantic University (Defendant). Plaintiffs were former full-time students of Florida Atlantic University (FAU) who were enrolled in its physical therapy program. The Complaint alleged that when Plaintiffs enrolled in classes at FAU in 1997, the physical therapy program was not accredited; however, Defendant had made a promise to seek accreditation. This promise was stated in the written Curriculum provided to Plaintiffs by Defendant. Plaintiffs alleged that Defendant was obligated to use reasonable diligence and good faith to perform its promise to pursue accreditation and that it breached this obligation. In addition, Plaintiffs alleged that Defendant multiplied their damages by intentionally and repeatedly misleading them about the status of accreditation between May of 1997 and Spring of 1999.
*508 On or about May 11, 2001, Defendant served separate Proposals for Settlement on each of the Plaintiffs offering to settle each claim for $2,001. Each Proposal was identical and contained the following relevant provisions:
1. The party or parties making the proposal is: THE BOARD OF REGENTS OF THE DIVISION OF UNIVERSITIES OF THE DEPARTMENT OF EDUCATION and THE FLORIDA ATLANTIC UNIVERSITY, AND ITS AGENTS, EMPLOYEES, and SERVANTS.
[[Image here]]
3. The proposal is attempting to resolve and settle the following claim or claims: Any and all claims which were raised or could have been raised in this action by any party against any other party.
The Proposals also required each Plaintiff to execute a “General Release” that was attached as Exhibit “1” to the Proposals. The General Release required each Plaintiff, also referred to as “First Party” to:
HEREBY remise, release, acquit, satisfy, and forever discharge the said Second Party, of and from all, and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, costs (including attorneys fees, expert fees, and out-of-pocket expenses), pre and post-judgment interest, obligations, losses, loss of services, expenses, compensation, judgments, executions, claims and demands whatsoever, in law or in equity, which said First Party ever had, now has, or which any personal representative, successor, heir or assign of said First Party, hereafter can, shall or may have, against said Second Party, for, upon or by reason of any matter, cause or thing whatsoever, known and unknown, foreseen and unforeseen, from the beginning of the world to the day of these presents, and including all issues, causes, claims, counterclaims, set-offs, and allegations which were raised or could have been raised relating to or arising out of certain action styled Laura Bowman, et al., v. Florida Board of Regents, Palm Beach County Circuit Case No.: CL 99-12145 Al.
The General Release defined “First Party” and “Second Party” as including:
[Singular and plural, heirs, legal representatives, agents, employees, attorneys, and assigns of individuals and the subsidiaries, affiliates, parent corporations, and each of their respective present and former officers, agents, employees including, but not limited to, shareholders, directors, attorneys, insurers, sureties, successors and assigns of corporations, agencies, or political bodies, wherever the context so admits or requires.
More than thirty days passed from the service of those Proposals without acceptance; therefore, pursuant to Florida Rule of Civil Procedure 1.442(f)(1), the Proposals were deemed rejected.
In October 2001, the trial court entered an order substituting the Board of Trustees of Florida Atlantic University in place of the Board of Regents, the original defendant, because the Board of Regents had been abolished by statute. The Order stated that the Board of Trustees “shall step into the shoes of the Florida Board of Regents for all pleading purposes.” The Order was entered based on a stipulation of the parties. The case proceeded and was set for jury trial. The jury found that Plaintiffs did have express, written contracts with Defendant; however, they found that Defendant did not breach those contracts. The trial court entered a Final *509 Judgment in favor of Defendant, the Board of Trustees.
Defendant filed a Motion for Attorneys’ Fees and Costs and alleged that it was entitled to reasonable attorneys’ fees and costs based on Plaintiffs’ rejections of the Proposals for Settlement. The trial court denied Defendant’s Motion for Attorneys’ Fees and Costs based on its determination that the Proposals for Settlement were invalid because the General Release contained in the Proposals required Plaintiffs to release all claims against Defendant, not just claims raised by the suit, and required Plaintiffs to release all claims against third parties to the action. The trial court found that those conditions contained in the General Release did not give Plaintiffs a determinable value with which to weigh their chances at trial as required by this court’s decision in Zalis v. M.E.J. Rich Corp., 797 So.2d 1289 (Fla. 4th DCA 2001).
Defendant argues that the language in the Proposal for Settlement and General Release was consistent with the nature of a general release and sufficiently clear and unambiguous; therefore, the trial court should have enforced its rights under section 768.79, Florida Statutes (1997). We agree.
With respect to the trial court’s first reason for finding the Proposals invalid, we hold the trial court’s reliance on Zalis to be misplaced. In the instant ease, the General Release required Plaintiffs to release all claims against Defendant from any and all actions or claims that Plaintiffs had or could have had as of the date of execution of the Proposal for Settlement and required Plaintiffs to release claims against third parties to the action. The Plaintiffs were also required to release all their claims against not only Defendant, but also Defendant’s agents, employees, and servants. These factors are typical of a “general release” and do not invalidate the Proposals for Settlement. See Hold v. Manzini, 736 So.2d 138, 141 (Fla. 3d DCA 1999).
In Hold, the third district analyzed identical language to that contained in the General Release in the instant case:
[W]hich said first party ever had, now has, or which any personal representative, successor, heir or assign of said first party, hereafter can, shall or may have against said second party, for, upon or by reason of any matter, cause of thing whatsoever, from the beginning of the world to the day of these presents. Id.
The third district determined that the above language was clear and unambiguous in that it required the plaintiff to release the defendant for all claims which had accrued as of the date of its execution. It did not bar any claims that the plaintiff may have against the defendant after the date of its execution. Id.
In the instant case, the language in the General Release, even though expansive, is typical of other general releases and is clear and unambiguous. The fact that Plaintiffs are required to release Defendant for all claims which had accrued as of the date of the Proposal for Settlement does not invalidate the Proposal for Settlement. The Florida Supreme Court has held that general releases contained in proposals for settlement are enforceable to farther the policy of encouraging settlements. See Mazzoni Farms, Inc. v. DuPont De Nemours & Co., 761 So.2d 306 (Fla.2000) (recognizing that numerous Florida cases have upheld general releases, even when the releasing party was unaware of the defect at the time the agreement was executed).
However, the trial court found that this requirement invalidated the Proposals on the basis of this Court’s decision in Zalis. *510 In Zalis, the defendant made a proposal for settlement prior to trial to settle the lawsuit for $20,000 under the condition that the parties exchange mutual releases that neither the plaintiff nor any firm associated with him would bring any future action against the defendant or anyone associated with him. Zalis, 797 So.2d at 1290. The plaintiff refused the offer. The jury found against the plaintiff and awarded the defendant $105,000 on his counterclaim. Thereafter the defendant filed a motion for attorneys fees pursuant to section 768.79. The trial court denied the motion on the basis that the condition in the settlement offer rendered it invalid. On appeal, this court in affirming the trial court focused on Rule 1.442(c), which requires that proposals for settlement state with particularity any relevant conditions, state the total of the proposal and state with particularity all non-monetary terms of the proposal. This court noted that the proposal for settlement required the plaintiff to release all rights to sue the defendant about anything at any point in the future and held as follows:
The condition that a plaintiff relinquish all rights to sue about anything at any point in the future is intrinsically a condition incapable of being stated with the particularity required under section 768.79 of the Florida Statutes. No reasonable estimate can be assigned to such a waiver. The defendant’s offer simply did not give the plaintiff a determinable value with which to weigh his chances at trial.
Id. at 1290-91 (emphasis added).
The instant case is distinguishable from Zalis because there is an important distinction between the release in Zalis and the General Release in the instant case. In the instant case, Plaintiffs were only required to release any and all claims they had up to the date of the Proposal for Settlement. They were not required to release all rights to sue Defendant based on any causes of action accruing in the future. It was the release of future claims in Zalis that this court found to be invalid.
We next address the trial court’s second reason for finding the Proposal for Settlement invalid, i.e., Plaintiffs were required to release claims against unnamed third parties to the action. The Proposals for Settlement clearly state that the parties making the Proposals are “The Board of Regents of the Division of Universities of the Department of Education and the Florida Atlantic University, and its agents, employees, and servants.” In addition, the General Release utilizes an expansive definition for the term “Second Party” which includes all agents, employees, attorneys, subsidiaries, affiliates, and shareholders among many others.
The inclusion of agents, employees, etc. is simply standard language in a general release that should be considered unambiguous and should not invalidate the proposal. See Sheen v. Lyon, 485 So.2d 422 (Fla.1986). In Sheen, the Florida Supreme Court held that a general release discharging a specifically named employer and its agents and employees was clear and unambiguous in that it refers to those persons who were employed at the time of the alleged injury. Therefore, the language in the instant case is sufficiently clear and should not be considered a condition incapable of being stated with particularity.
All the facts and circumstances which Plaintiffs allege entitle them to damages have already occurred and Plaintiffs can fully evaluate their claims against Defendant and its agents, employees and servants. The trial court erred in finding that the language in the General Release requiring Plaintiffs to release all claims against defendant and its agents, employees, et al. rendered the Proposals for Set *511 tlement invalid. We reverse and remand for a determination of reasonable attorneys’ fees and costs.
TAYLOR and MAY, JJ., concur.