880 So.2d 811 (2004)
AMBECA, INC. d/b/a Long Insurance Agency, Appellant,
v.
MARINA COVE VILLAGE TOWN-HOME ASSOCIATION, INC., Appellee.
No. 1D03-3077.
District Court of Appeal of Florida, First District.
August 13, 2004.
*812 Patrick J. Farrell, Jr. and William D. Horgan; Fuller, Johnson & Farrell, P.A., Tallahassee, for Appellant.
Gary Lee Printy, Tallahassee, for Appellee.
HAWKES, J.
Appellant, Ambeca, Inc., prevailed in the action below after making a timely offer of judgment. As the prevailing party, Appellant moved to tax fees and costs pursuant to the offer of judgment statute, section 768.79 Florida Statutes, (2002) and Rule 1.442, Fla. R. Civ. P. The trial court denied Appellant's motion, concluding the offer of judgment required a release for issues not raised within the scope of the pleadings. We review a trial court's ruling on a motion to tax attorney's fees and costs pursuant to the offer of judgment statute de novo. See Connell v. Floyd, 866 So.2d 90 (Fla. 1st DCA 2004). We reverse.
The trial court is correct that an offer of judgment conditioned on a plaintiff relinquishing its right to sue for causes of action that may accrue in the future based on unrelated facts and events that have not yet occurred, would not give rise to an entitlement to fees and costs, even if the offeree prevailed. See Zalis v. M.E.J. Rich Corp., 797 So.2d 1289, 1290 (Fla 4th DCA 2001). However, a release that contains broad, expansive language, is not, per se, invalid. See generally Bd. of Trustees of Fla. Atl. University v. Bowman, 853 So.2d 507 (Fla. 4th DCA 2003). In Bowman, *813 an offer of judgment was conditioned on a general release which settled the claims "which said first party ever had, now has, or which any personal representative, successor, heir or assign of said First Party, hereafter can, shall or may have, against said Second Party, for, upon or by reason of any matter, cause or thing whatsoever, known and unknown, foreseen and unforeseen, from the beginning of the world to the day of these presents, ..." and contained additional language to settle "any and all claims which were raised in this action by any party against any other party." See id. at 508-509. The Bowman court concluded the language, although expansive, is typical of other general releases and is clear and unambiguous. See id. at 509.
In the case at bar, the contested language provided:
If accepted, this proposal for settlement shall settle all claims asserted in this cause against [Appellant], as well as any other claims which [Marina Cove] might otherwise have or assert against [Appellant], including punitive damages. The amount specified in this proposal for settlement includes all costs, interest, or other expenses and attorney's fees accrued to date. (Emphasis added).
It is the highlighted language that appears to have caused the trial court the most concern. However, this language is distinguishable from that used in Zalis, in that Zalis expressly provided any claim arising in the future would be extinguished, whereas this language does not expressly extinguish potential future claims. Instead, the language in this release is in the present-tense. As such, the release only applies to claims asserted in the instant proceeding, and those Marina Cove "might otherwise have" or currently possess, and, although inartfully worded, claims which would be barred by res judicata (i.e., those that could have been brought in the instant litigation under the existing facts). That the release specifically lists punitive damages in the "any other claims" language further indicates it does not attempt to reach future unrelated causes of action. A claim for punitive damages may only be brought in an existing case after an evidentiary hearing and leave of court, based on the facts of the pending litigation. The parties may frequently decide to settle a case before the court has ruled on a motion to plead punitive damages. Strategic considerations are made by both parties, but any release executed as a consequence of a settlement would certainly include the potential unpled claim for punitive damages. Here, although the language may require releases for claims not raised or set forth in the pleadings, it does so only to the extent those claims would arise from the facts giving rise to the underlying litigation.
Because the release language does not contain an invalid obligation to relinquish rights on future causes of action based on facts that have not occurred, it was a valid offer of judgment pursuant to section 768.79, Florida Statutes. The trial court erred by denying Appellant's motion for attorney's fees and costs.
REVERSED.
VAN NORTWICK, J., concurs; DAVIS, J., dissents with opinion.
DAVIS, J., dissenting.
I respectfully dissent. The trial court denied the appellant's motion to tax attorneys' fees and costs on the basis that "the language included in the proposal required actions or releases on behalf of the appellee over and above the issues raised by the pleadings in this case." I believe that the trial court is correct that the language *814 employed in the offer of judgment in the present case is too ambiguous to conclude that future claims based on unrelated facts are definitely excluded. Accordingly, I would affirm.