904 So.2d 652 (2005)
PALM BEACH POLO HOLDINGS, INC., Appellant,
v.
The VILLAGE OF WELLINGTON, Appellee.
No. 4D03-4905.
District Court of Appeal of Florida, Fourth District.
June 29, 2005.
*653 Craig T. Galle and Glenn F. Straub, Wellington, for appellant.
George P. Roberts, Jr. of Roberts, Reynolds, Bedard & Tuzzio, P.A., West Palm Beach, for appellee.
FARMER, C.J.
A losing plaintiff in a civil action seeks review of an award of attorney's fees under an offer of judgment. It argues that a general release attached to defendant's proposal was ambiguous. We conclude that the offer was legally deficient because plaintiff's acceptance could have extinguished other pending unrelated claims.
The general release provided that plaintiff would release defendant:
from all manner of action and actions, cause and causes of action ... claims and demands whatsoever, in law or in equity, which ... [plaintiff] ever had, now has ... or may have, against ... [defendant], for upon, or by reason of any matter, cause, or things whatsoever... including, but not limited to, ... items of damage or loss which were brought or not brought in [this] lawsuit.... [e.s.]
Plaintiff rejected the offer. After a final judgment against plaintiff on all claims, the trial court awarded attorney's fees under section 768.79, holding that the proposal was legally sufficient.
Plaintiff argues that the general release was ambiguous because it could reasonably be read to extinguish claims besides those related to the pending case. It points out that multiple law suits were then pending between the parties. It argues that the proposal did not comply with rule 1.442 and that Nichols v. State Farm Mutual, 851 So.2d 742 (Fla. 5th DCA 2003), supports a reversal. We agree.
Rule 1.442 makes it clear that proposals for settlement must state with particularity any relevant conditions and all non-monetary terms. Fla. R. Civ. P. 1.442(c)(2)(C)-(D). As we said in Swartsel v. Publix Super Markets, Inc., 882 So.2d 449, 452 (Fla. 4th DCA 2004): "[t]he rule intends for a proposal for judgment to be as specific as possible, leaving no ambiguities, so that the recipient can fully evaluate its terms and conditions." 882 So.2d at 452 (quoting Lucas v. Calhoun, 813 So.2d 971, 973 (Fla. 2d DCA 2002)).
The terms of any proposed release are subject to this rule. Zalis v. M.E.J. Rich Corp., 797 So.2d 1289, 1290 (Fla. 4th DCA 2001). The language of the proposed release, or a summary of the substance of the release, must be included with the offer to comply with the requirement that it be particular. Nichols, 851 So.2d at 746.
Nichols held a release ambiguous where it was not limited "to claims of causes that were brought [or required to have been brought] in the instant lawsuit and plaintiff had a separate claim pending against defendant." 851 So.2d at 745. The court stated: "[a] proposal for settlement should not include conditions that, if accepted, would cause an offeree to give up a claim or right that it could not have otherwise lost in the litigation." 851 So.2d at 746 n. 3 (citing Martin v. Brousseau, 564 So.2d 240 (Fla. 4th DCA 1990)). Because the meaning of the release condition could not be determined without resort to clarification or judicial interpretation, the court found that it was not sufficiently particular and reversed the judgment awarding attorney's fees. Id.
Here, as in Nichols, the language of the proposed release is not limited to damages arising out of the underlying action. In fact the record indicates that at least one other action was then pending between the *654 same parties. The meaning of the proposal is ambiguous and would require construction by a court. Acceptance could cause plaintiff to relinquish a claim that it would not otherwise have done.
Defendant asserts the release is sufficiently like that in Board of Trustees v. Bowman, 853 So.2d 507 (Fla. 4th DCA 2003). The release in that case is distinguishable. 853 So.2d at 508 (proposal released claims "which were raised or could have been raised relating to or arising out of certain action"). Defendant also states Bowman is in conflict with Nichols. We see no conflict.
"The particularity required by rule 1.442(c)(2)(C)-(D) is indispensable and not a mere formality." Swartsel, 882 So.2d at 453. This proposal fails to meet the particularity requirements of section 768.79 and rule 1.442. We thus reverse the award of attorney's fees. As to all other issues raised, we find no reversible error.
Reversed.
SHAHOOD and TAYLOR, JJ., concur.