882 So.2d 449 (2004)
Katherine SWARTSEL, Appellant, Appellee,
v.
PUBLIX SUPER MARKETS, INC., Appellee, Appellant.
Nos. 4D03-1003, 4D03-1524.
District Court of Appeal of Florida, Fourth District.
September 1, 2004.
*450 Jack Scarola of Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach, for appellant.
Robert T. Kofman and Annette Torres of Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Miami, for appellee.
FARMER, C.J.
We have an appeal in a malicious prosecution action from a summary judgment entered against plaintiff on the grounds that she failed to show that the underlying criminal case resulted in a bona fide termination in her favor. Defendant, in turn, appeals the denial of its claim for attorneys fees and costs. We affirm on both appeals and write briefly to explain our reasoning.
The underlying criminal charges against plaintiff were dismissed following her participation in a pretrial intervention program.[1] A pharmacist, she had been *451 charged with possession of hydrocodone and petit theft. She insisted that her participation in the pretrial program include a declaration that she did not thereby admit guilt of the charges. She successfully completed the program and, as a result, the prosecutor agreed to nol pros the charges without prejudice.
Her malicious prosecution claim required that she plead and prove that the criminal case ended in a "bona fide termination in her favor"  i.e., one indicating her innocence. Alamo Rent-A-Car v. Mancusi, 632 So.2d 1352, 1355 (Fla.1994). The Alamo Rent-A-Car decision also stated:
"when a plaintiff establishes that an underlying criminal case was nol prossed and presents evidence that the nol pros was not the result of a negotiated plea or bargain, the burden then shifts to the defendant to present evidence to the contrary and the issue becomes one for a jury to decide." [e.s.]
632 So.2d at 1356. Although the highlighted sentence seems to hold that a negotiated dismissal is not a bona fide termination in plaintiff's favor, the court further noted:
"that bargaining or negotiating, in and of itself, does not always negate the bona fide nature of the termination. For instance, as the district court found in Shidlowsky v. National Car Rental Systems, Inc., 344 So.2d 903 (Fla. 3d DCA 1977), cert. denied, 355 So.2d 516 (1978), if the bargaining constitutes nothing more than a promise to pay what was offered before the charges were brought, and the negotiations reflect the accused's innocence, then the termination would still be bona fide.
"The question in this case then becomes whether the nol pros was based on a bargained-for promise of payment to Alamo.... However, the record reflects that the facts surrounding the issuance of the nol pros are in dispute.... As stated by the district court, only after considering the circumstances surrounding the nol pros could the trier of fact determine whether the nol pros Mancusi received was bona fide. Consequently, we find that, on this record, the district court appropriately held that this issue was a question for the jury as the finder of fact."
632 So.2d at 1356.
In this case, plaintiff argues that her insistence on innocence throughout the pretrial intervention program places her within the exception allowed in Alamo Rent-A-Car. We disagree. There is nothing about the pretrial intervention agreement suggesting that the nol pros would indicate innocence. To the contrary, it is equally capable of suggesting her guilt, at least for purposes of deciding in her later malicious prosecution action whether the termination of the criminal case was based on innocence. The later nol pros is capable of being read both for and against guilt. Indeed its primary purpose is to allow first offenders who, by definition, are subject to being found guilty of the crime charged, to avoid a conviction on their record by successfully completing the program and having a nol pros entered. As the statute plainly indicates, the resulting dismissal after successful completion of the pretrial intervention program is without prejudice, so that if the defendant later commits another offense the prosecutor is authorized to resurrect the charge dismissed. A charge thus hanging in suspense *452 hardly seems to us a bona fide termination indicating innocence.
Unlike the kind of nol pros discussed in Alamo Rent-A-Car and Shidlowsky, where the prosecutor may have dismissed because the evidence was lacking, and any agreement to pay costs was really unrelated to guilt, here the nol pros resulted only because of a program designed (as the statute makes unmistakably clear) for "first offenders." To be a "first offender" one must arguably be an offender. Plaintiff's insistence on a provision proclaiming her innocence in the pretrial intervention agreement is not the same thing as the prosecutor concluding that the evidence is lacking and that the charges are not provable. We therefore find no error in the trial court's summary judgment in favor of the defendant.
Turning to the defendant's appeal of the motion for attorneys fees, we begin by rejecting defendant's contention that fees may properly be awarded under section 57.105. We agree with the trial judge that plaintiff made a good faith argument to apply the exception, or otherwise extend it, of Alamo Rent-A-Car. We thus turn to the argument under the offer of judgment.
Rule 1.442(c)(2)(C)-(D) requires that proposals for settlement state with particularity any relevant conditions and all nonmonetary terms.[2]Zalis v. M.E.J. Rich Corp., 797 So.2d 1289, 1290 (Fla. 4th DCA 2001). As one court has explained:
"The rule intends for a proposal for judgment to be as specific as possible, leaving no ambiguities so that the recipient can fully evaluate its terms and conditions."
Lucas v. Calhoun, 813 So.2d 971, 973 (Fla. 2d DCA 2002); see also Jamieson v. Kurland, 819 So.2d 267, 268-69 (Fla. 2d DCA 2002); Connell v. Floyd, 866 So.2d 90, 92 (Fla. 1st DCA 2004). Further, because the offer of judgment statute and its companion rule of civil procedure are in derogation of the common law rule that each party shall pay its own fees, the language of an offer must be construed in favor of the offeree when it does not make clear precisely what is being proposed. See MGR Equip. Corp. v. Wilson Ice Enters., Inc., 731 So.2d 1262, 1263-64 n. 2 (Fla.1999) (noting that rule 1.442 "mandates greater detail in settlement proposals, which will hopefully enable parties to focus with greater specificity in their negotiations and thereby facilitate more settlements and less litigation").
Rule 1.442(c)(2)(C)-(D) requires that a qualifying offer "shall... state with particularity any relevant conditions" and shall also "state with particularity all nonmonetary terms of the proposal." In this case, defendant's offer of settlement included the following conditions or nonmonetary terms:
"Publix's Proposal for Settlement is conditioned upon Plaintiff's acceptance of same pursuant to Rule 1.442, a stipulation for an order dismissing this action with prejudice, and Plaintiff's execution of a confidential settlement agreement and general release." [e.s.]
No other details of the proposed "confidential settlement agreement" and "general release" were stated in the offer. No copy of the actual "confidential settlement agreement" and "general release" being proposed were attached as separate documents to the offer. Thus, plaintiff was left *453 to guess at what these terms and conditions might require of her.
The unstated conditions of any "settlement agreement" or other terms not involving money are usually critical to an acceptance. For example, with regard to the confidential settlement agreement being proposed, it would be crucial to know what is being made confidential, who is covered by the confidentiality, whether there is any period to the confidentiality, and what the remedies are in the event of a breach. As for the proposed general release, there are no "standard" general releases; all are unique. The fact that a proposed release is described as "general" is virtually meaningless. Again, it would be essential to know what is being released, who is being released, and any conditions or terms of the release.
The particularity required by rule 1.442(c)(2)(C)-(D) is indispensable and not a mere formality. The term particularity as used in rule 1.442 means that the offeror must supply in haec verba the "specific details" of any condition or nonmonetary term. See AMERICAN HERITAGE DICTIONARY 1320 (3d. ed.) (defining particular and particularity to mean "of, relating to, or providing details," "exactitude of detail," "attention to or concern with detail," "an individual characteristic"). We therefore read the rule to require that an offeror state all the terms of any "confidential settlement agreement" and any "general release" or, instead, attach a copy of the actual documents themselves to the offer. Defendant's proposal failed in this essential (and, we might say, particular) detail and was therefore insufficient to authorize attorneys fees on account of its rejection by plaintiff.
Finally, we think plaintiff properly concedes error in the refusal to tax costs in the trial court against plaintiff. Defendant was the prevailing party on the merits and is therefore entitled to its costs. On remand, the trial court shall do so. In all other respects, however, we affirm.
KLEIN, J., and BERGER, WILLIAM J., Associate Judge, concur.
NOTES
[1] (2) Any first offender ... is eligible for release to the pretrial intervention program on the approval of the administrator of the program and the consent of the victim, the state attorney, and the judge who presided at the initial appearance hearing of the offender. However, the defendant may not be released to the pretrial intervention program unless... she has voluntarily agreed to such program and has knowingly and intelligently waived ... her right to a speedy trial for the period of .. her diversion.

...
(5) At the end of the intervention period, the administrator shall recommend ... [t]hat dismissal of charges without prejudice shall be entered in instances in which prosecution is not deemed necessary.
The state attorney shall make the final determination as to whether the prosecution shall continue. [e.s.]
§ 948.08(2)-(5), Fla. Stat. (2003).
[2] See Fla. R. Civ. P. 1.442(c)(2)(C)-(D) ("A proposal shall ... state with particularity any relevant conditions... the total amount of the proposal and state with particularity all nonmonetary terms....").