FARMER, C.J.
The defendant in a personal injury action appeals an order denying a motion for attorney’s fees, to which he claims entitlement under two offers of settlement he made to plaintiffs. The trial court found the offers ambiguous. We reverse.
The two offers were identical in form and content except for the names of the offerees and the amounts. Omitting only formal and immaterial parts, they said:
“The Defendant hereby proposes to offer _ $ to the Plaintiff _ in settlement of Plaintiffs claims against the Defendant in Case No.: 01-11445 AB.
“Each party shall bear their own costs and attorneys fees resulting from litigation in this matter.
*659 “This proposal is intended to terminate all claims, disputes, and obviate the need for further intervention of judicial process.”
The court explained that the above text:
“is equivalent to the requirement of a general release and would require the Plaintiffs to give up claims or rights they would not have otherwise lost in the litigation.”
We disagree.
Unlike the offer in Swartsel v. Pub-lix Super Markets Inc., 882 So.2d 449 (Fla. 4th DCA 2004), these offers contained no requirement of a general release. Nor can such a requirement be reasonably read into the actual text of these offers. There simply is no expression "of any desire for a general release, so there is no occasion to worry about what other claims or rights might be covered by the terms of such a release. In fact, it would be a rare (if indeed there are any) offer in which we would infer an unstated requirement of a general release. If an. offer is to include the requirement of a release, general or otherwise, it will have to say so explicitly. Generally, it is not for judges to infer additional requirements into otherwise plain and unambiguous offers of settlement. See BMW of N. Am. Inc. v. Krath en, 471 So.2d 585 (Fla. 4th DCA 1985) (when text of offer of settlement is clear and unambiguous, courts cannot indulge in construction or interpretation of its plain meaning; when contract is silent as to particular matter, courts should not under guise of construction impose on parties contractual rights and duties which they omitted).

Reversed.

SHAHOOD and TAYLOR, JJ., concur.