929 So.2d 1184 (2006)
Elizabeth RIVERA and Edward Rivera, Appellants,
v.
PUBLIX SUPER MARKETS, INC., Appellee.
No. 4D04-3880.
District Court of Appeal of Florida, Fourth District.
June 7, 2006.
*1185 Lawrence P. Zolot, Hollywood, for appellants.
Wesley L. Catri of Catri, Holton, Kessler & Kessler, P.A., Fort Lauderdale, for appellee.
FARMER, J.
Once again, we reverse a final order awarding attorneys fees under an offer of judgment that failed to state the non-monetary terms with the particularity required by the rule. See Fla. R. Civ. P. 1.442(c)(2)(C)-(D); Swartsel v. Publix Super Mkts., Inc., 882 So.2d 449, 452 (Fla. 4th DCA 2004) (language of offer under rule 1.442 "must be construed in favor of the offeree when it does not make clear precisely what is being proposed"); Palm Beach Polo Holdings, Inc. v. Village of Wellington, 904 So.2d 652, 653 (Fla. 4th DCA 2005) (offer for "settlement must state with particularity any relevant conditions and all non-monetary terms").
In this case, the offer specified as conditions of the settlement being proposed that the offeree execute a general release, a no-lien affidavit, a "hold harmless" agreement, and a stipulation for dismissal. No other terms of these proposed documents were stated, and no copies of any forms to be used were attached to the offer. The offeror's willingness to allow the offeree to review these proposed agreements at the offices of the offeror's attorney is facially insufficient. The rule requires that the offer itself state these conditions, and not a form tucked away in an office somewhere. See Fla. R. Civ. P. 1.442(c)(2) ("a proposal shall [state] . . .").
We also reject the argument that our decision in Swartsel is not applicable to cases in progress when it was released. An appellate opinion explaining and applying the meaning of the law is applicable to all cases in progress and not yet final when it was released. See Smith v. State, 598 So.2d 1063, 1065-66 (Fla.1992) (decision "announcing a new rule of law, or merely applying an established rule of law to a new or different factual situation, must be given retrospective application by [Florida] courts in every case pending on direct review or not yet final;" issue must be raised in trial court to preserve it for review); Hendeles v. Sanford Auto Auction, Inc., 364 So.2d 467, 468 (Fla.1978) ("disposition of case on appeal should be made in accord with law in effect when appellate court's decision is made" rather than law in effect when judgment was rendered); Fla. East Coast Ry. Co. v. *1186 Rouse, 194 So.2d 260, 262 (Fla.1967) (Florida rule is that appellate court reviewing judgment on direct appeal will dispose of case according to law prevailing at time of appellate disposition, and not according to law prevailing at time of rendition of judgment appealed); Clay v. Prudential Ins. Co. of Amer., 670 So.2d 1153, 1154 (Fla. 4th DCA 1996) (in reviewing judgments on direct appeal, appellate courts required to apply law prevailing when decision on appeal is made). Rouse was overruled by Smith only to the extent that Rouse did not appear to require that the issue actually had been first raised in the trial court and thus preserved for appellate review. The general rule applying the law in effect when the decision is made is undeniably true when the earlier appellate decision does not change the law, but merely interprets and applies it.
Reversed.
GUNTHER, J., and DONNER, AMY STEELE, Associate Judge, concur.