DAVIS, Judge.
J.C.J., the named father of Baby R.P.S., challenges the final summary judgment terminating his parental rights to the child pursuant to chapter 63, Florida Statutes (2004) (the “Florida Adoption Act”). See §§ 63.012-.235. Because our decision is grounded entirely on a legal issue, we reverse without providing a lengthy recitation of the facts.[1]
Heart of Adoptions, Inc. (“the Agency”), filed a petition to terminate J.C.J.’s parental rights pending adoption pursuant to section 63.087. The trial court found that J.C.J.’s consent to adoption was not required here pursuant to section 63.062 because J.C.J. had failed to comply with section 63.054, which requires “an unmarried biological father” to “file a notarized claim of paternity form with the Florida Putative Father Registry.” § 63.054(1). The trial court concluded that since J.C.J.’s consent to the adoption was not required, the Agency was entitled to the judgment ter *908 minating his parental rights as a matter of law.
As explained in A.S. v. Gift of Life Adoptions, Inc., 944 So.2d 380, 2006 WL 2033896 (Fla. 2d DCA July 21, 2006), the statute that authorizes the trial court to terminate parental rights pending adoption does not apply to cases, such as this, where the father has failed to comply with the registration requirements of section 63.062. See § 63.089(3).[2] Section 63.089(3) provides that “[t]he court may enter a judgment terminating parental rights pending adoption if the court determines by clear and convincing evidence, supported by written findings of fact, that each person whose consent to adoption is required under s. 63.062 ” meets one of nine specified criteria. (Emphasis added.) Under section 63.062, those whose consent is required include unmarried biological fathers who have registered with the Putative Father Registry. However, since J.C.J. failed to register with the Putative Father Registry, his consent to R.P.S.’s adoption was not required and the grounds for terminating parental rights listed in section 63.089(3) do not apply to him.
Additionally, J.C.J. is not a “parent” under the Florida Adoption Act. Chapter 63 does not include a definition of parent but rather refers to section 39.01(49), Florida Statutes (2004), which defines a parent as a “man whose consent to the adoption of the child would be required under s. 63.062(1).” By alleging in its petition that J.C.J.’s consent is not required, the agency admitted that J.C.J. is not a parent as defined by statute. Furthermore, section 63.087(5) states that in the termination proceeding, a summons must be served on “any person whose consent is required but who has not provided that consent.” This language indicates that the statute does not contemplate that one such as J.C.J. will be a party to a termination of parental rights action.
Although the trial court found that J.C.J.’s consent to the adoption was not required due to his failure to register, the trial court nevertheless terminated J.C.J.’s parental rights pursuant to section 63.089(3). This was error. Since section 63.089(3) specifies the grounds upon which the trial court may terminate the parental rights of a parent whose consent is required, that section cannot apply to J.C.J. since his consent was not required and he was not a parent. Even if J.C.J. was a person whose consent was required, none of the grounds specified in section 63.089(3) apply to J.C.J. Thus, the trial court erred in terminating the rights, if any, of a party not properly contemplated by the statutory section stated.[3]
*909 We acknowledge that J.C.J. did not argue the foregoing inapplicability of the termination proceedings below. However, at the time this matter was before the trial court, our opinion in A.S., 944 So.2d 380, had not yet been published. Since the opinion was not issued until after the original briefs were filed, we invited the parties to file supplemental briefs addressing the issue of whether the termination of parental rights pending adoption provisions applied to an individual whose consent was not required due to his failure to register as required by section 63.062. While the general rule is that recent case law will be applied to cases pending before this court only if the issue was preserved at the trial level, see Rivera v. Publix Super Mkts., Inc., 929 So.2d 1184 (Fla. 4th DCA 2006), due to the fundamental nature of this error, we choose to address this issue even though it was not preserved, see Sanford v. Rubin, 237 So.2d 134 (Fla.1970) (defining fundamental error as that which goes to the foundation of the case or to the merits of the cause of action).
In the instant case, the error goes to the foundation or merits of the action because it allows the potential parental rights of the biological father to be terminated pursuant to a statute that was not written to, and by its terms does not, apply to him. The erroneous judgment was based on a factor not included in the statutorily enumerated factors that authorize the trial court to terminate one’s parental rights.
Moreover, the error is magnified because it prevents this same father from seeking meaningful review of the statutes that presumably negate his parental rights. Section 63.062(2)(d) states that an unmarried biological father who fails to comply with the registration requirements “is deemed to have waived and surrendered any rights in relation to the child, including the right to notice of any judicial proceeding in connection with the adoption of the child, and his consent to the adoption of the child is not required.” By this statute, such a father is not a party to the adoption proceeding, nor is he entitled to notice of the adoption. However, should one such as J.C.J. desire to contest either the applicability or the constitutionality of section 63.062, the proper forum would be the adoption proceeding rather than the termination proceeding. The failure to register as required by section 63.062 is the basis for proceeding with the adoption without his consent, not the basis for the termination of his parental rights. Even though one such as J.C.J. would not receive formal notice of the adoption proceeding, should he have actual notice, he could move to intervene in the proceeding, alleging that due to the inapplicability or the unconstitutionality of the section 63.062 registration requirements, his consent to the adoption is required and he is an interested party. It would be at this juncture in the adoption proceedings that the registration requirements of the statute would be ripe for litigation.
However, the unmarried biological father could not protect his rights at this stage either because the termination of his rights would already be considered final. Section 63.112 states that a petition for adoption shall attach a certified copy of the judgment of termination of parental rights. If the erroneously entered judgment terminating parental rights is affirmed or not appealed, the res judicata effect of that judgment would preclude the father from seeking to become a party to the adoption or from intervening in the adoption because his “rights” would have already been finally terminated. As a result, an erroneously entered judgment terminating the parental rights of a biological father who fails to comply with the registration statute effectively denies that father the op *910 portunity to challenge the registration requirements of section 63.062. Because we conclude that this constitutes fundamental error, we reverse.
As we did in A.S., 944 So.2d 380, however, we direct the trial court on remand to first consider the pending paternity action to determine whether J.C.J. meets the statutory definition of a parent, which will determine whether his consent to the adoption is required. Only then may the termination and adoption proceedings be addressed.
Reversed and remanded for further proceedings consistent with this opinion.
WHATLEY and STRINGER, JJ., Concur.

. Due to the sensitive nature of an adoption case, and especially in light of the circumstances of the parties to this case, we find it appropriate to provide only minimal factual information so as to protect the parties' identities, especially that of the child.

. It has been argued that A.S., 944 So.2d 380, is distinguishable since, in that case, the father had a paternity action pending in the same court at the time that the summary judgment was granted. We do not see the distinction. First, the language of the opinion that found the trial court without authority to grant the termination does not reflect that the termination was dependent on the pending paternity action. Additionally, in this case, J.C.J. had filed a paternity action in St. John's County prior to the Agency's filing of the termination of parental rights action. That matter had been transferred to Hillsborough County after the filing of the termination proceedings but was pending in another division of the circuit court in Hillsborough County at the time the trial court held the hearing on the motion for summary judgment.

. It appears that the trial court and the Agency consider the proceeding pursuant to section 63.087-.089 to be more in the nature of a declaratory action by which the trial court may declare that there are no parties whose consent to the adoption is required. Although this may be a desirable procedure, the legislature did not write the termination provisions in that manner.