940 So.2d 479 (2006)
Peter PAPOURAS, Appellant,
v.
BELLSOUTH TELECOMMUNICATIONS, INC., a foreign profit corporation, Appellee.
No. 4D05-3923.
District Court of Appeal of Florida, Fourth District.
October 4, 2006.
Rehearing Denied November 15, 2006.
Eric S. Block of Law Offices of Eric S. Block, P.A., Jacksonville, for appellant.
John R. Hargrove and Carol A. Gart of Gordon Hargrove & James, P.A., Fort Lauderdale, for appellee.
MAY, J.
The "particularity" and specificity of a proposal for settlement is challenged in this appeal. The plaintiff appeals an order denying his motion for attorney's fees, pursuant to section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442. He argues the court erred in finding the proposal lacked the requisite specificity to allow for an award of fees. We disagree and affirm.
The plaintiff was injured in an auto accident involving a vehicle owned by BellSouth Telecommunications, Inc., and driven by a BellSouth employee. The plaintiff alleged that BellSouth was directly liable as the owner of the vehicle under the dangerous instrumentality doctrine and vicariously liable for the negligence of the driver. The plaintiff did not include the driver in the lawsuit.
A jury found BellSouth liable and awarded damages in the amount of $769,902.48. The plaintiff then filed a motion to tax costs and attorney's fees, pursuant to the proposal for settlement that had *480 been rejected by BellSouth. The proposal offered to settle the case for $375,000. Paragraph 3 of the proposal set forth the following conditions:
a. Plaintiff, PETER PAPOURAS, shall execute a full release.
b. Plaintiff, PETER PAPOURAS, shall enter a voluntary dismissal with prejudice as to all claims against Defendant, BELLSOUTH TELECOMMUNICATIONS, INC., a foreign profit corporation.
c. This proposal includes all interest and costs, if any connected with this claim.
The proposal excluded attorney's fees and there was no claim for punitive damages.
The trial court entered a final judgment against BellSouth. After a hearing, the court entered an order denying the plaintiff's motion for attorney's fees and costs. The trial court did not articulate the basis for the denial, but the parties agree the only basis was the lack of the requisite particularity required by rule 1.442.
The question of whether a proposal for settlement complies with section 768.79, Florida Statutes (2005), and Florida Rule of Civil Procedure 1.442 is reviewed de novo. See Hall v. Lexington Ins. Co., 895 So.2d 1161, 1165 (Fla. 4th DCA 2005).
Our supreme court recently defined the parameters of the "particularity" requirement of Florida Rule of Civil Procedure 1.442 and established a bright-line rule for proposals for settlement. State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So.2d 1067 (Fla.2006).
Applying the plain meaning of rule 1.442, we agree with those courts that have treated releases as conditions for nonmonetary terms that must be described with particularity. A "condition" is traditionally defined as "a stipulation or prerequisite in a contract, will, or other instrument, constituting the essence of the instrument." A "term" is defined more broadly as "a contractual stipulation." We think it clear that when an offeror insists that an offeree sign a general release, the release becomes a stipulation or prerequisite of the contract. Even if the release does not constitute the essence of the settlement proposaland thus a condition under subdivision (c)(2)(C) of the ruleat the very least it qualifies as a nonmonetary term under subdivision (c)(2)(D).
Nichols, 932 So.2d at 1078-79 (quoting Black's Law Dictionary 312,1509 (8th ed.2004)). The court agreed "that a summary of the proposed release can be sufficient to satisfy rule 1.442, as long as it eliminates any reasonable ambiguity about its scope." Id. at 1079. This requirement insures that the intended purpose of a proposal for settlementthe end of judicial laboris fulfilled. The court then held that the language in the settlement proposal"`a full and final satisfaction and settlement of any and all of Nichols's claims and causes of action in, or arising out of, the above-styled case'"was too ambiguous. Id. In doing so, the court focused on the essential ingredient in the recipe for clarity: the proposal must articulate "which of an offeree's outstanding claims against the offeror will be extinguished by any proposed release." Id. at 1080.
In this case, the proposal simply provided for the plaintiff to execute a full release without further detail. A copy of the release was not attached and no summary of the terms was included in the proposal. BellSouth argues, and we agree, that this proposed release lacked sufficient detail to eliminate any reasonable ambiguity about its scope. It failed to indicate which party was required to draft the release, *481 and more importantly failed to indicate whether BellSouth's employee, the driver of the other vehicle, would be released in exchange for the payment.
Just as our supreme court found in Nichols, the proposal for settlement in this case was too ambiguous to satisfy Florida Rule of Civil Procedure 1.442. We therefore affirm the trial court's order denying the plaintiff attorney's fees, pursuant to the plaintiff's proposal for settlement.
Affirmed.
GUNTHER, J., concurs.
HAZOURI, J., dissents with opinion.
HAZOURI, J., dissenting.
I respectfully dissent. BellSouth argues, and the majority agrees, that rule 1.442(c)(2)(C)-(D) mandates that all nonmonetary terms of a proposal must be stated with particularity and that Papouras violated this requirement of particularity by including within the proposal the willingness to execute a full release. For support for this assertion, BellSouth relies on this court's decision in Swartsel v. Publix Super Markets, Inc., 882 So.2d 449 (Fla. 4th DCA 2004).
In Swartsel, the following provision was included in a proposal for settlement: "`Publix's Proposal for Settlement is conditioned upon Plaintiff's acceptance of same pursuant to Rule 1.442, a stipulation for an order dismissing this action with prejudice, and Plaintiff's execution of a confidential settlement agreement and general release.'" Id. at 452 (emphasis omitted). The proposal for settlement did not include details of the general release or attach a copy of the general release, leaving the plaintiff "to guess at what these terms and conditions might require of her." Id. at 452-53. This Court addressed the adequacy of the proposal for settlement:
The unstated conditions of any "settlement agreement" or other terms not involving money are usually critical to an acceptance. For example, with regard to the confidential settlement agreement being proposed, it would be crucial to know what is being made confidential, who is covered by the confidentiality, whether there is any period to the confidentiality, and what the remedies are in the event of a breach. As for the proposed general release, there are no "standard" general releases; all are unique. The fact that a proposed release is described as "general" is virtually meaningless. Again, it would be essential to know what is being released, who is being released, and any conditions or terms of the release.
Id. at 453.
Our court further held that the rule requires the offeror to supply the special details of any condition or nonmonetary term by either stating all the terms or attaching a copy of the actual document to the offer. Id.
In the instant case, the proposal for settlement included a nonmonetary condition that Papouras would execute a full release and enter a voluntary dismissal with prejudice as to all claims against Bell-South. Papouras had only one claim against BellSouth. The proposal contained no ambiguities and did not lack for particularity. The term "full release," where there is only one claim, does not need further explanation nor judicial interpretation. There was no requirement of confidentiality as in Swartsel. Add to that the fact that Papouras would execute a voluntary dismissal with prejudice as to all claims against BellSouth and the proposal is clear. All that is required of BellSouth is to pay to Papouras $375,000 and all claims against it arising out of the alleged *482 negligence of Frazer would be settled and the case would be dismissed. It is well settled that a voluntary dismissal with prejudice is a resolution of the case on the merits and therefore is res judicata as to any and all claims Papouras could have against BellSouth arising from the automobile accident.
As additional authority for the proposition that any reference to a release in a proposal for settlement requires the offeror to attach a copy or at least a summary of the release in order to comply with rule 1.442(c)(2)(C)-(D), BellSouth cites to the Fifth District's opinion in Nichols v. State Farm Mutual, 851 So.2d 742 (Fla. 5th DCA 2003).
In Nichols, the insured brought a suit against State Farm to recover personal injury protection (PIP) benefits. State Farm served a proposal for settlement requiring, among other things, that Nichols execute a general release that would encompass all claims, causes of actions, etc., that had accrued through the date of the acceptance of the proposal. In addition to the PIP claim, Nichols also had an uninsured motorist (UM) claim. The Fifth District held that the proposal was invalid because the general release would cause Nichols to release his UM claim that he could not have otherwise lost in the PIP litigation. The insistence on a general release without clarifying that it applied only to the PIP claim created ambiguity. In the instant case, BellSouth has no unresolved claims that a full release would cause BellSouth to relinquish.
In Nichols, one of the issues raised was whether rule 1.442 and section 768.79 were applicable in an action by an insured to recover PIP benefits. This issue was certified to the Florida Supreme Court as a question of great public importance. The Florida Supreme Court answered the certified question in the affirmative. Additionally, the court exercised its discretionary jurisdiction to address that part of the district court's decision that found the proposal for settlement failed to comply with the requirements of rule 1.442(c)(2)(C)-(D).
The supreme court concluded that State Farm's settlement proposal failed to eliminate ambiguity regarding Nichols's outstanding UM claim and thus could not support an award of attorney's fees. In arriving at this conclusion the supreme court stated:
As a threshold matter, we must determine whether a general release qualifies as one of the "relevant conditions" or "nonmonetary terms" of a settlement proposal, which must be described with particularity under rule 1.442.
. . .
Applying the plain meaning of rule 1.442, we agree with those courts that have treated releases as conditions or nonmonetary terms that must be described with particularity. A "condition" is traditionally defined as "a stipulation or prerequisite in a contract, will, or other instrument constituting the essence of the instrument". . . . We think it clear that when an offeror insists that an offeree sign a general release, the release becomes a stipulation or prerequisite of the contract. Even if the release does not constitute the essence of the settlement proposaland thus a condition under subdivision (c)(2)(C) of the ruleat the very least qualifies it as a nonmonetary term under subdivision (c)(2)(D).
State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So.2d 1067, 1078-79 (Fla.2006) (citation omitted). In this case, the offeror is not insisting that the offeree sign a general release but is simply offering to give Bell-South a full release.
*483 In considering the degree of particularity that the rule requires, the court stated:
The rule intends for a proposal for judgment to be as specific as possible, leaving no ambiguities so that the recipient can fully evaluate its terms and conditions. Furthermore, if accepted, the proposal should be capable of execution without the need for judicial interpretation. Proposals for settlement are intended to end judicial labor, not create more.

Lucas v. Calhoun, 813 So.2d 971, 973 (Fla. 2d DCA 2002) (citation omitted). We recognize that, given the nature of language, it may be impossible to eliminate all ambiguity. The rule does not demand the impossible. It merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification. If ambiguity within the proposal could reasonably affect the offeree's decision, the proposal will not satisfy the particularity requirement.
Nichols, 932 So.2d at 1079.
Papouras's proposal was sufficiently clear and definite to allow BellSouth to make an informed decision without needing clarification. There was no ambiguity within the proposal that could have reasonably affected BellSouth's decision to accept or reject the proposal. BellSouth's driver was not a party to this litigation and Bell-South was not entitled to a release of its driver. In my judgment, BellSouth invents an ambiguity where none exists. Therefore, I would reverse and remand for the trial court to determine a reasonable attorney's fee pursuant to the proposal for settlement.