PER CURIAM.
The appellee’s motion for rehearing en banc is denied.
The appellee’s motion to certify is granted. The opinion dated February 7, 2007, is withdrawn, and the attached opinion is substituted therefor. No additional motion for rehearing will be entertained.
J.A., the named biological father, appeals a final judgment of termination of parental rights pending adoption which was entered pursuant to chapter 63, Florida Statutes (2004). We reverse.
Here, as in J.C.J. v. Heart of Adoptions, Inc. (In re Baby R.P.S.), 942 So.2d 906 (Fla. 2d DCA 2006), and A.S. v. Gift of Life Adoptions, Inc. (In re Termination of Parental Rights for the Proposed Adoption of Baby A.), 944 So.2d 380 (Fla. 2d DCA 2006), the trial court determined that because the named biological father had failed to properly file a claim of paternity with the Florida Putative Father Registry, the biological father’s consent to adoption was not required and that the adoption entity was therefore entitled to the judgment terminating the biological father’s parental rights. In AS., we held that in a proceeding on a petition for termination of parental rights pending adoption, a putative father’s failure to meet the requirement of section 63.062(2), Florida Statutes (2004), for the filing of a notarized claim of paternity did not constitute a basis for terminating his parental rights. In J.C.J., we held that it was fundamental error to base such a termination of parental rights on a failure to file a claim of paternity.
We reverse the judgment on appeal here because the circumstances present in this case differ in no material respect from the circumstances present in J.C.J.
Pursuant to article V, section 3(b)(4) of the Florida Constitution and Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), we certify that the following question upon *472 which this decision passes is one of great public importance.
IN A PROCEEDING ON A PETITION FOR TERMINATION OF PARENTAL RIGHTS PENDING ADOPTION, MAY THE PUTATIVE FATHER’S RIGHTS IN RELATION TO THE CHILD BE TERMINATED BASED ON THE PUTATIVE FATHER’S FAILURE TO PROPERLY FILE A CLAIM OF PATERNITY WITH THE FLORIDA PUTATIVE FATHER REGISTRY?
Reversed and remanded.
CANADY and LaROSE, JJ., and THREADGILL, EDWARD F„ Senior Judge, Concur.
CANADY, J., Concurs specially with opinion.