On Motion for Rehearing

PER CURIAM.
We grant the Appellants unopposed motion for rehearing, withdraw our previously issued opinion, and substitute the following in its place.
In consolidated appeals, the defendants (the owner and driver of a car), challenge final orders awarding attorney’s fees and expert witness fees following a jury verdict in the plaintiffs favor. They argue the trial court erred in awarding those fees because the proposal for settlement (“PFS”) did not attach a release or sufficiently describe its terms. We reverse.
The plaintiff filed suit against the owner and driver of a car for injuries sustained in an auto accident. The plaintiff served the owner with a proposal to settle the case for $40,000 on August 13, 2004.[1] The proposed settlement provided:
*457 As a condition of this Proposal for Settlement, in exchange for the $40,000.00 hereinabove offered to settle this matter, Plaintiff, TANOIS CHAMOUN, will execute a full release of liability in favor of Defendant, BRADLEY DRAKE, and HIS affiliated insurance company, and a Stipulation for Voluntary Dismissal.
The plaintiff did not attach a release or describe its terms. Because the PFS was not accepted within thirty days of service, it was deemed rejected. Fla. R. Civ. P. 1.442(f)(1).
The jury returned a verdict for the plaintiff; the trial court entered a final judgment of $186,796.20, reserving jurisdiction for determination of attorney’s fees and costs. The plaintiff moved for attorney’s fees and costs under the PFS. The owner moved to strike the PFS, contending that it failed to state with particularity the relevant conditions and non-monetary terms of the PFS in conformity with section 768.79, Florida Statutes and Florida Rule of Civil Procedure 1.442. The parties filed extensive memoranda regarding the validity of the PFS.
The trial judge heard arguments on the motion and entered an order denying the owner’s motion to strike the plaintiffs PFS. The trial court stated:
It was not until September 1, 2004 that Florida’s Fourth District held that if a proposal for settlement required an of-feree to execute a release, the release had to be attached to the proposal or summarized therein. Swartsel v. Publix Super Mkts., Inc., 882 So.2d 449 (Fla. 4th DCA [2004] ).[2] Because Plaintiffs August 2004 Proposal for Settlement was formed before this September 1, 2004 ruling, this Court finds that Plaintiffs release did not have to be attached to the Proposal or summarized therein.
The trial court found the release sufficiently unambiguous and ultimately determined the reasonableness and appropriateness of the fees. The trial court awarded attorney’s fees in the amount of $141,475 with statutory interest and reserved jurisdiction to award expert witness fees. The owner and driver appeal that order in Case No. 4D10-872. The trial court subsequently awarded expert witness fees in the amount of $4520. The owner and driver separately appealed this order in Case No. 4D10-2171. We have consolidated these appeals.
We have de novo review of orders concerning section 768.79 and Florida Rule of Civil Procedure 1.442. Papouras v. Bellsouth Telecommunications, Inc., 940 So.2d 479, 480 (Fla. 4th DCA 2006).
Here, the PFS provided: “As a condition of this Proposal for Settlement, in exchange for the $40,000.00 hereinabove offered to settle this matter, Plaintiff, [TA-NOIS CHAMOUN], will execute a full release of liability in favor of Defendant, and HIS affiliated insurance company, and a Stipulation for Voluntary Dismissal.” Our supreme court has held that, if the release is not attached, then the PFS must satisfy the requirements of Rule 1.442 and eliminate any reasonable ambiguity about its scope. State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So.2d 1067, 1079 (Fla.2006). The Nichols court “agree[d] with those courts that have treated releases as conditions or nonmonetary terms that must be described with particularity” and conclud *458 ed that Rule 1.442 “merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification.” Id. at 1078, 1079 (emphasis added). “If ambiguity within the proposal could reasonably affect the offer-ee’s decision, the proposal will not satisfy the particularity requirement.” Id. at 1079.
As the owner and driver argue on appeal, the critical ambiguity regarding the terms of the release in the PFS is its failure to define the parties included. The PFS does not state whether the driver is covered by the release. This term is essential for the owner because he is responsible for the driver’s negligence under the dangerous instrumentality doctrine. Even if State Farm, the owner’s insurer, is the unnamed insurance company in the release, it remains unclear whether “a full release of liability” includes a release of the driver. Without the actual release or a detailed description, the PFS fails to eliminate any reasonable ambiguity about its scope.
This case is similar to Papouras. There, the complaint alleged liability against BellSouth as owner of the vehicle under the dangerous instrumentality doctrine and vicariously for the negligence of the driver. Papouras, 940 So.2d at 479. Following a jury verdict for the plaintiff, the trial court entered final judgment against BellSouth, but denied plaintiffs motion for costs and attorney’s fees under a PFS. Id. at 479-80. “[T]he parties agree[d] the only basis [for the denial of fees and costs] was the lack of the requisite particularity required by rule 1.442.” Id. at 480.
We think it clear that when an offeror insists that an offeree sign a general release, the release becomes a stipulation or prerequisite of the contract. Even if the release does not constitute the essence of the settlement proposal— and thus a condition under subdivision (c)(2)(C) of the rule [Fla. R. Civ. P. 1.442] — at the very least it qualifies as a nonmonetary term under subdivision (c)(2)(D).
Id. (quoting Nichols, 932 So.2d at 1078-79). We concluded:
In this case, the proposal simply provided for the plaintiff to execute a full release without further detail. A copy of the release was not attached and no summary of the terms was included in the proposal. BellSouth argues, and we agree, that this proposed release lacked sufficient detail to eliminate any reasonable ambiguity about its scope. It failed to indicate which party was required to draft the release, and more importantly failed to indicate whether BellSouth’s employee, the driver of the other vehicle, would be released in exchange for the payment.
Just as our supreme court found in Nichols, the proposal for settlement in this case was too ambiguous to satisfy Florida Rule of Civil Procedure 1.442. We therefore affirm the trial court’s order denying the plaintiff attorney’s fees, pursuant to the plaintiffs proposal for settlement.
Id. at 480-81. Papouras is dispositive of the issue in this case. We therefore reverse and remand for the trial court to vacate the attorney’s fee award. Since we reverse the attorney’s fee award, we reverse the expert witness fee order relating to the attorney’s fee hearing as well.

Reversed and remanded,.

CIKLIN, GERBER and CONNER, JJ„ concur.

. We also note that the driver was not served with the PFS, and thus the award should not have been entered against the driver regardless of the outcome of this appeal.

. Swartsel was abrogated by State Farm Mutual Automobile Insurance Co. v. Nichols, 932 So.2d 1067 (Fla.2006), which held that a summary of a proposed release is sufficient to satisfy Rule 1.442, provided that there was no reasonable ambiguity concerning its scope. We note that "[a]n appellate opinion explaining and applying the meaning of the law is applicable to all cases in progress and not yet final when it is released.” Rivera v. Publix Super Mkts., Inc., 929 So.2d 1184, 1185 (Fla. 4th DCA 2006).