DAVIS, Judge,
Concurring specially.
I fully concur with the majority opinion. However, I write to express concern over the issues raised by this appeal but not addressed by our affirmance of the trial court’s order on the issue of abandonment.
In the order granting the petition to terminate S.C.’s parental rights, the trial court found that because S.C. did not timely comply with the requirements listed in the Notice of Intended Adoption Plan, he waived his available parental rights as an unmarried biological father. As described by this court in J.C.J. v. Heart of Adoptions, Inc., 942 So.2d 906 (Fla. 2d DCA 2006), and A.S. v. Gift of Life Adoptions, Inc., 944 So.2d 380 (Fla. 2d DCA 2006), it was the position of this court that the termination proceeding was not the proper procedure to enforce the consequences of an unmarried biological father’s failure to register with the Florida Putative Father Registry. However, the Florida Supreme Court has determined that the termination proceeding is the procedure to be followed to permanently deny the unmarried biological father all further interest as a parent of the child upon his failure to comply with the registration requirement. See Heart of Adoptions, Inc. v. J.A., 963 So.2d 189 (Fla.2007). Nevertheless, none of these opinions have addressed how or when the termination proceeding implicates such a parent’s right to counsel.
If termination proceedings are to be used in the capacity authorized by J.A., it would seem that unmarried biological fathers who are parties to these proceedings should be entitled to all the due process rights that other parties would enjoy. The statutory definition of a party to a termination proceeding limits the status to one whose consent for adoption is required under section 63.087(5) and (6). But under *776 section 63.062(2)(d), an unmarried biological father waives the right to give or withhold consent to adoption by failing to file with the Florida Putative Father Registry.[1] By reading these statutes together within the context that termination proceedings are the vehicle used to determine whether a putative father has complied with the necessary requirements to enforce his parental rights, the Florida Supreme Court’s holding in J.A., 963 So.2d 189, confers by implication party status to such a father, at least for the initial purposes of determining whether he has waived his parental rights. Furthermore, where an alleged father complies with the registration and other requirements, he is a party by statute, his consent for adoption is required, and he is necessarily entitled to the appointment of counsel prior to a court’s termination of his parental rights. See Fla. R. Juv. P. 8.515(a).
I see no reason why this same right to counsel should not apply to S.C., whose party status is determined by the termination proceeding under the reasoning of J.A. Therefore, I believe had the trial court not also made the finding of abandonment after S.C. was provided counsel, his argument regarding the denial of counsel during the initial thirty-day period under which his rights were determined would have merit.
The requirements of the registration and the submitting of the affidavits and other documents are very technical. To provide counsel after the time for compliance has passed is to, in effect, deny the assistance of counsel. Therefore, meaningful notice should require, at a minimum, some indication that the putative father is entitled to counsel and that if he cannot afford counsel, the court will appoint it on request.
It would be appropriate for the legislature to revisit this issue and bring the provisions of the registration requirements and the provisions of termination-pending-adoption proceedings into harmony. Until this is done, it is unclear whether an unmarried biological father who has failed to comply with the registration requirements of the Florida Putative Father Registry provisions is a party to the termination-pending-adoption procedure — and thus entitled to assistance of counsel — or whether he is not a party since he is deemed to have waived his consent to adoption and notice to all further court proceedings.

. The statute was amended effective July 1, 2012, and the waiver provision now appears in section 63.062(2)(e). Ch. 2012-81, § 11, at 937, Laws of Fla.