DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY,**
Appellant,

v.

**MARCIA C. SASSO, D.C., P.A.** a/a/o Erica Borges,
Appellee.

No. 4D21-0141

[August 25, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Louis H. Schiff, Judge; L.T. Case Nos. COCE14000348 and CACE19-21388.

Daniel E. Nordby of Shutts & Bowen LLP, Tallahassee, and Alyssa L. Cory of Shutts & Bowen LLP, Tampa, for appellant.

Scott J. Edwards of Scott J. Edwards, P.A., Boca Raton, for appellee.

ARTAU, J.

Appellant, Allstate Property & Casualty Insurance Company (the insurer), appeals from a final summary judgment entered in favor of Appellee Marcia C. Sasso, D.C., P.A. (the medical provider), as the assignee of her patient Erica Borges (the insured), under the terms of the insured's automobile insurance policy (the policy). The trial court entered judgment in the medical provider's favor on the determination that the policy's personal injury protection (PIP) did not clearly and unambiguously provide notice of the insurer's intention to use the permissive fee schedules referenced in section 627.736(5)(a)2., Florida Statutes (2009), to limit the reimbursement amount for the insured's chiropractic medical expenses. We conclude that the insurer is entitled to judgment in its favor as a matter of law in accordance with *Allstate Insurance Co. v. Orthopedic Specialists,* 212 So. 3d 973 (Fla. 2017), because it clearly and unambiguously provided notice of its intention to use the permissive fee schedules.

The parties filed cross-motions for summary judgment on the purely legal issue of whether the policy clearly and unambiguously notified the insured of the insurer's intent to limit reimbursement for the chiropractic

medical expenses to section 627.736(5)(a)2's permissive fee schedules. The parties agreed that no disputed issues of material fact existed. Specifically, the insurer did not dispute that the medical provider billed a reasonable amount for the chiropractic services rendered to the insured. The medical provider also did not dispute that the insurer reimbursed the medical provider in accordance with the permissive fee schedules.

A hearing on the parties' cross-motions for summary judgment was held in February 2015. After the hearing, the trial court announced it was granting the medical provider's motion and denying the insurer's motion. The insurer moved for reconsideration of the trial court's oral ruling by written motion filed prior to the entry of the final summary judgment. In support of its pre-judgment motion, the insurer argued the trial court's oral ruling was contrary to the First District Court of Appeal's then-recent decision in *Allstate Fire & Casualty Insurance v. Stand-Up MRI of Tallahassee, P.A.*, 188 So. 3d 1, 2 (Fla. 1st DCA 2015), which held that the PIP coverage language in the insurer's standard automobile insurance policies "provided adequate notice of its election to use the Medicare fee schedules referenced in § 627.736(5)(a)2., Florida Statutes."

Without ruling on the pre-judgment motion for reconsideration, the trial court entered final summary judgment in the medical provider's favor. The insurer timely moved for post-judgment rehearing. The trial court held a hearing and entered an order denying the insurer's pre-judgment motion for reconsideration, without ruling on the pending post-judgment motion for rehearing.

The insurer also filed a motion to stay the proceeding pending the Florida Supreme Court's review in the *Orthopedic Specialists* case and a renewed motion for rehearing after the Florida Supreme Court issued its opinion in *Orthopedic Specialists*. Although the medical provider argues that both motions were disposed of when the trial court denied the pre-judgment motion for reconsideration, the record, including the insurer's filings, reflects that the case remained pending until the trial court denied the post-judgment motion for rehearing in September 2019. The insurer timely filed this appeal from the trial court's order denying the renewed motion for rehearing.

We conclude that the trial court erred in denying the insurer post-judgment relief in accordance with both the Florida Supreme Court's *Orthopedic Specialists* opinion and the First District's *Stand-Up MRI* opinion. While *Orthopedic Specialists* was not yet decided at the time summary final judgment was entered in this case, the First District's *Stand-Up MRI* decision was decided before the entry of final summary

2

judgment. That decision constituted binding precedent precluding final summary judgment for the medical provider when it was entered on the purely legal issue presented by the parties' cross-motions. *See Sys. Components Corp. v. Fla. Dep't of Transp.*, 14 So. 3d 967, 973 n.4 (Fla. 2009) ("In the absence of inter-district conflict or contrary precedent from this Court, it is absolutely clear that the decision of a district court of appeal is binding precedent *throughout Florida.*" (citing *Pardo v. State*, 596 So. 2d 665, 666 (Fla. 1992))).

The Florida Supreme Court's *Orthopedic Specialists* decision also constituted binding precedent when the insurer filed its renewed motion for rehearing in 2019. *See Orthopedic Specialists*, 212 So. 3d at 974 ("[W]e hold that Allstate's insurance policy provides legally sufficient notice of Allstate's election to use the permissive Medicare fee schedules identified in section 627.736(5)(a)2. to limit reimbursements."). Because this case did not reach finality before the Florida Supreme Court's *Orthopedic Specialists* opinion, the insurer is entitled to the benefit of that opinion as binding precedent conclusively determining the purely legal issue in this case. *See Rivera v. Publix Super Markets, Inc.*, 929 So. 2d 1184, 1185 (Fla. 4th DCA 2006) ("An appellate opinion explaining and applying the meaning of the law is applicable to all cases in progress and not yet final when it was released.").

Accordingly, we reverse the final summary judgment entered in the medical provider's favor and remand with instructions for the trial court to enter summary final judgment in the insurer's favor consistent with this opinion.

*Reversed and remanded with instructions.*

KLINGENSMITH and KUNTZ, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**