IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

PUBLIX SUPER MARKETS, INC.,

  Appellant,

v.

           Case No.  5D21-2612
           LT Case No. 2019-CA-036338-X

SIERRA ALFORD,

  Appellee.

_____/

Opinion filed December 30, 2022

Appeal from the Circuit Court
for Brevard County,
Dale Curtis Jacobus, Judge.

Michael R. D'Lugo, of Wicker
Smith O'Hara McCoy & Ford, P.A.,
Orlando, for Appellant.

Brian J. Lee, of Morgan & Morgan,
Jacksonville, for Appellee.


HARRIS, J.

  Publix Super Markets, Inc. ("Publix") timely appeals the trial court's

denial of its motion for attorneys' fees, arguing that the trial court erred in

finding that its proposal for settlement and release were ambiguous and thus not enforceable. We agree with Publix that its proposal for settlement was clear and unambiguous. We therefore reverse the trial court's order denying the motion for attorneys' fees.

The underlying suit involved a cause of action for common law negligence. Sierra Alford alleged that on December 24, 2017, she sustained personal injury damages as a result of a slip-and-fall at a Publix located in Brevard County, Florida. Publix answered the complaint and raised affirmative defenses. Publix later served its Proposal for Settlement offering $25,001.00 to settle all claims against it. The proposal also incorporated a general release form. Alford did not respond. Alford's claim went to trial and the jury returned a verdict in favor of Publix on July 20, 2021. The trial court entered a Final Judgment in favor of Publix on August 4, 2021.

Publix subsequently moved for an award of attorneys' fees and costs, arguing that because it complied with the requirements of Florida Rule of Civil Procedure 1.442 (2017) and was the prevailing party, it was entitled to an award of attorneys' fees and costs pursuant to section 768.79, Florida Statutes (2017).

In response to Publix's motion, Alford asserted that the language of the proposal for settlement was internally inconsistent, thereby creating an

ambiguity. She argued that the proposal contained conflicting provisions that would render the offeree unable to discern what was being released, citing specifically to paragraph 3 and 6 of the proposal:

> 3. Defendant will pay the total sum of . . . $25,001.00 . . . in full settlement of all of the Plaintiff's claims of **whatever nature which have been or could have been** asserted against this Defendant as a result of the matters described in the Plaintiff's Complaint and any amendments to the Complaint.
>
> . . . .
>
> 6. The total amount stated in paragraph three (3) of this Proposal for Settlement is intended to resolve all damages that **would otherwise be awarded in a final judgment in this action**, including any taxable costs and interests. No additional taxable costs or interest will be paid in addition to this Proposal for Settlement.

Alford also argued that the general release failed to identify *who* she would be releasing by its execution, making it likewise ambiguous and unenforceable. She cited to the following language in the general release: "Releasor has had the benefit of personal counsel and fully understands the terms of this General Release and is making full and final settlement of all claims of every nature and character which **Releasor has against \***." She asserted that the emphasized language did not clearly indicate who was being released and the use of an asterisk in lieu of any name of any party seeking to be released caused the proposal to be invalid.

3

Publix responded, arguing that its proposal and general release satisfied the particularity requirement and that Alford was nitpicking at the language contained in paragraphs 3 and 6. Publix further argued that the asterisk in the release was clearly a typographical error where it intended to replace the asterisk with "Publix Supermarkets, Inc." Publix asserted that, when looking at the general release as a whole, it was abundantly clear that Publix was the only party intended to be released. After a hearing, the court, without making any findings, denied Publix's motion for attorneys' fees.

We review the trial court's order declining to enforce the proposal for settlement de novo. See Pratt v. Weiss, 161 So. 3d 1268, 1271 (Fla. 2015) ("The eligibility to receive attorney's fees and costs pursuant to section 768.79 and rule 1.442 is reviewed de novo."). The offeror must "state with particularity any relevant conditions" of the proposal and to "state with particularity all nonmonetary terms of the proposal." Fla. R. Civ. P. 1.442(c)(2)(C)–(D). "The term 'particularity' as used in rule 1.442(c) means that the offeror must provide 'specific details' of any condition or nonmonetary term." 1 Nation Tech. Corp. v. A1 Teletronics, Inc., 924 So. 2d 3, 6 (Fla. 2d DCA 2005) (quoting Swartsel v. Publix Super Mkts., Inc., 882 So. 2d 449, 453 (Fla. 4th DCA 2004)). "If ambiguity within the proposal could reasonably affect the offeree's decision, the proposal will not satisfy the

4

particularity requirement." State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So. 2d 1067, 1079 (Fla. 2006). The Florida Supreme Court has instructed that courts are only to invalidate a proposal for settlement for "reasonable ambiguities" and has discouraged courts from nitpicking a proposal for inconsequential ambiguities. Anderson v. Hilton Hotels Corp., 202 So. 3d 846, 852–53 (Fla. 2016). When a general release is incorporated into a proposal for settlement, it must adhere to the same rules of particularity as the proposal itself. Nichols v. State Farm Mut., 851 So. 2d 742, 746 (Fla. 5th DCA 2003).

Publix argues that because it complied with the requirements of rule 1.442 and section 768.79, the trial court erred in denying its motion for attorneys' fees. Publix asserts that there is no internal conflict in paragraphs 3 and 6 of the proposal for settlement and therefore, no ambiguity. Publix further asserts that its placement of the asterisk in the general release did not prevent Alford from making a reasoned decision as to whether to accept the proposal. Such a typographical error, Publix asserts, is insufficient to create an ambiguity in this case. We agree.[1]

---

[1] We decide this case under the previous version of rule 1.442, prior to its recent amendment in 2022.

5

Paragraph 3 is clear—Publix will pay $25,001.00 to settle all claims that have been or could have been asserted from the facts described in Alford's complaint. Alford's complaint alleged one count of negligence—i.e., that when she turned to step away from the lottery line of Publix's premises, she slipped and fell on water that was on the floor, thereby suffering bodily injuries resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. A plain reading of paragraph 3 reveals that by its terms, Publix seeks to settle all claims that have or could have risen out of the specific facts alleged. Paragraph 3 references the only claims being made—those in the complaint. Paragraph 6 is also clear—it deals with damages that could have been awarded in a final judgment as a result of the claims alleged.

We agree with Publix that there is nothing inconsistent about paragraphs 3 and 6. When reviewing the complaint and paragraphs 3 and 6 of the proposal, there is no ambiguity. Paragraphs 3 and 6 are sufficiently clear and definite to allow Alford to make an informed decision without needing clarification. Nichols, 932 So. 2d at 1079 (holding settlement

6

proposal must be sufficiently clear and definite to allow offeree to make an informed decision without needing clarification).

We further find no merit to Alford's additional argument that the general release could be read to extinguish claims extrinsic to the litigation. Alford relies on the asterisk in asserting that the release could be read to release claims against Publix or anyone else. We disagree.

Alford alleged only one count in her complaint against one defendant. Viewing the general release as a whole, there is no doubt that Publix was offering to settle the case brought by Alford for $25,001.00 and that the release would prevent Publix from ever being sued again by Alford for injuries relating to the slip and fall on December 24, 2017. Sanchez v. Cinque, 238 So. 3d 817, 826 (Fla. 4th DCA 2018) ("A proposal for settlement must be read as a whole and is not ambiguous unless a genuine inconsistency, uncertainty, or ambiguity in meaning remains after resort to the ordinary rules of construction.").

Although the release contained an asterisk in one sentence, this was clearly a "cut and paste" typographical error that did not create an ambiguity that could have reasonably affected Alford's decision whether to accept the proposal. The remainder of the release only mentioned Publix as the defendant/releasee and no other party. Id. ("Although the release contained

a reference to non-parties, this was clearly a 'cut and paste' typographical error that did not create an ambiguity that could have reasonably affected Sanchez's decision whether to accept the proposal."). Here, an asterisk is no different than unknown non-parties. The proposal and release stated with particularity the relevant conditions and all non-monetary terms. Read as a whole, the proposal and release did not have any ambiguities that prevented Alford from fully evaluating the terms and conditions.

We therefore conclude that the trial court erred in denying Publix's motion for attorneys' fees. We reverse the order denying Publix's motion for attorneys' fees and remand this matter to the trial court with instructions to grant the motion and to hold an evidentiary hearing to determine the amount of attorneys' fees to which Publix is entitled pursuant to its valid proposal for settlement.

REVERSED and REMANDED with instructions.

LAMBERT, C.J. and EVANDER, J., concur.

8