STREITFELD, JEFFREY R., Associate Judge.
 

 In this appeal from the trial court’s final order denying Plaintiff/Appellant’s Motion for Attorneys Fees pursuant to section 768.79, Florida Statutes (2007) and Fla. R. Civ. P. 1.442, we once again are faced with resolving issues arising from alleged ambiguities in the terms of a release contained within a proposal for settlement.
 

 In his Complaint filed on October 15, 2007, Jones alleged that he was seriously injured when a flag pole fell from the ceiling and struck him while shopping at Publix on August 19, 2006. On February 20, 2008, Jones served a proposal for settlement pursuant to the above named statute and rule for $150,000. The proposal provided in part that “This proposal for settlement encompasses all damages and expenses associated with this claim even those damages or expenses as to which collateral source payments have been made,” and that Jones “will execute a full release of liability in favor of Publix Supermarkets, Inc., a Florida Corporation and it’s [sic] affiliated insurance company, and a Stipulation for Voluntary Dismissal.” No further summary of the release was included, nor was a copy of the proposed release attached to the proposal.
 

 The case was tried in January, 2010, and the jury awarded Jones $278,348.61. The
 
 *423
 
 verdict included awards of $56,723.61 for past medical expenses, $60,000 for future medical expenses, and $26,625 for lost wages. The economic damages alone therefore totaled approximately $143,000. In addition, the jury awarded $85,000 in past pain and suffering damages, and $50,000 for future pain and suffering damages. Final Judgment on the verdict was entered on February 1, 2010.
 

 The trial court, while noting that “everybody understands who is being released and who isn’t”, concluded that he was constrained by our decision in
 
 Papouras v. BellSouth Telecommunications., Inc.
 
 940 So.2d 479 (Fla. 4th DCA 2006), and denied Jones’ motion because the release was neither summarized nor attached to the proposal for settlement. Our review of this denial is
 
 de novo. Papouras,
 
 940 So.2d at 480.
 

 In those cases where the release provisions contained within a proposal for settlement were deemed to be ambiguous, either there existed additional claims by and between the parties, or other related parties remained potentially liable and those claims might not be extinguished by the release.
 

 Papouras
 
 involved an auto accident involving a BellSouth driver. The proposal and release were ambiguous because the proposal and release did not include the driver.
 

 Similar ambiguities existed in
 
 Palm Beach Polo Holdings, Inc. v. The Village of Wellington,
 
 904 So.2d 652 (Fla. 4th DCA 2005), where the general release attached to the proposal arguably could be interpreted to release all claims that might exist between the parties, and there was at least one other action pending between the parties at the time the defendant made its proposal.
 

 While
 
 State Farm Mutual Automobile Insurance. Co. v. Nichols,
 
 932 So.2d 1067 (Fla.2006) announces a bright line test that requires particularity when addressing a release as a condition, it is important to place that holding within the context of the facts of that case. State Farm’s proposal to settle Nichols’ PIP claim included the requirement that Nichols execute a general release that could be construed to include his pending, separate UIM claim arising out of the same accident.
 

 In this case, there are no other claims, and there are no other potentially liable related parties. Therefore, under these facts and circumstances, the release provisions of Jones’ proposal were sufficiently clear, “leaving no ambiguities so that the recipient can fully evaluate its terms and conditions.”
 
 State Farm,
 
 932 So.2d at 1079;
 
 Papouras,
 
 940 So.2d at 483;
 
 Polo Holdings,
 
 904 So.2d at 653.
 

 We continue to observe that it is the preferred practice to set forth the terms of a release with particularity, either within the body of the proposal or by attaching the form of the release. However, based upon the specific facts of this case, we reverse and remand for further proceedings consistent with this opinion.
 

 Reversed and Remanded for proceedings consistent with this opinion.
 

 STEVENSON and GROSS, JJ., concur.