# Third District Court of Appeal

## State of Florida

Opinion filed March 11, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2
Lower Tribunal No. 10-239-P

_____

**Russell Post Properties, Inc., etc.,**
Appellant/Cross-Appellee,

vs.

**Leaders Bank,**
Appellee/Cross-Appellant.

An Appeal from the Circuit Court for Monroe County, Luis M. Garcia, Judge.

Buchanan Ingersoll & Rooney, and Jennifer Olmedo-Rodriguez and Mark S. Auerbacher, for appellant/cross-appellee.

Gunster, Yoakley & Stewart, and Amy Brigham Boulris, Timothy Nicholas Thomes and Michael B. Green (Key Largo), for appellee/cross-appellant.

Before SHEPHERD, C.J., and LAGOA and SALTER, JJ.

SHEPHERD, C.J.

This appeal arises out of a dispute over the amount of a real estate commission payable to Russell Post Properties, Inc. upon the transfer of Leaders Bank's substantially encumbered interest in the property to a third party. We affirm the trial court's determination that the amount owed by Leaders Bank to Russell Post under the listing agreement is $1,250.00. However, we reverse the court's decision, denying Leaders Bank attorney fees and costs on its offer of settlement.

In the midst of litigation over the amount of the commission earned by Russell Post as a result of the transfer of Leaders Bank's interest in certain property, Leaders Bank made an offer to Russell Post to settle the litigation for $50,000, pursuant to section 768.79(6)(a) of the Florida Statutes. The offer stated in pertinent part:

> Comes Now, Defendant, LEADERS BANK ("Leaders"), and … hereby tenders to Plaintiff, RUSSELL POST PROPERTIES, INC. … ("Post"), this final and binding Offer of Settlement **in this action** and states:
> ….
> 2. The claims which this Offer of Settlement are attempting to resolve are **any and all claims made by or which may have been made by Post against Leaders**, including any and all claims for cost, interest and attorney fees.
> 3. The particular and relevant conditions of the Offer of Settlement are that, if accepted by Post in the time allotted by law, upon receipt of $50,000 from Leaders, Post **shall dismiss with prejudice any and all claims it may have against Leaders, and shall execute a general release in favor of Leaders.** The terms and details of this Offer of Settlement shall, if accepted by Post, remain strictly confidential and

shall not be disclosed to any third party except with the express, written agreement of all parties hereto.

....

7. This Offer of Settlement shall remain open for thirty (30) days at which time it is automatically withdrawn without further notice.

(emphasis added). Russell Post made no response to the offer and Leaders Bank sought enforcement. Russell Post argued below and maintains here that the settlement offer was void for vagueness because: (1) Leaders Bank failed to either attach a copy of its proposed general release or provide a summary describing with particularity all of the relevant terms of the proposed release; (2) the mere reference to confidentiality was insufficiently definite; and (3) the offer was withdrawn before the end of the period in which it could be accepted. The trial court summarily denied Leaders Bank's motion for attorney fees.

Florida Rule of Civil Procedure 1.442(c)(2)(C) and (D) respectively require that "any relevant conditions" and "all nonmonetary terms" of a proposal for settlement be stated "with particularity." A requirement in an offer of settlement that the offeree provide the offeror a general release as a condition of settlement is considered a "non-monetary term" of the offer. State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So. 2d 1067, 1078 (Fla. 2006). As the law relating to offers of settlement has developed, best practice has come to dictate that a party who conditions an offer of settlement on receipt of a release, even the well understood and usually non-controversial general release, should attach the proposed release to

3

the offer lest the offer be deemed "ambiguous" under the "nonmonetary terms" particularity requirement of Rule 1.442(c)(2)(D). However, failure to attach the release is not necessarily fatal.

In <u>Nichols</u>, the Florida Supreme Court stated the Rule 1.442(c)(2)(D) particularity requirement as it relates to releases can also be satisfied by including a summary of the release, "as long as [the offer] eliminates any reasonable ambiguity about its scope." <u>Id.</u> at 1079; <u>see also</u> <u>Lyons v. Chamoun</u>, 96 So. 3d 456, 457 (Fla. 4th DCA 2012) ("Our supreme court has held that, if the release is not attached, then the [proposal for settlement] must satisfy the requirements of Rule 1.442 and eliminate any reasonable ambiguity about its scope."). The offeror is not by this rule required to exhaustively account for every term of the proposed release in detail. "[The Rule] merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification." <u>Nichols</u>, 932 So. 2d at 1079.

The offer of settlement in this case meets the requirements of the Rule. The offer opens by stating that it is a "final and binding Offer of Settlement **in this action**" relating to "**any and all claims made by or which may have been made by Post against Leaders**, including any and all claims for cost, interest and attorney fees." (emphasis added). The offer continues in the next paragraph to state, "[U]pon receipt of $50,000 from Leaders, Post **shall dismiss with prejudice**

4

**any and all claims it may have against Leaders, and shall execute a general release in favor of Leaders.**" (emphasis added). Unlike the offer in Nichols, which more broadly required Nichols to "execute a General Release in favor of State Farm, which will be expressly limited to all claims, causes of action, etc., that have accrued [anywhere] through the date of Nichols's acceptance of th[e] Proposal," id. at 1071, the offer in this case not only names the parties who will execute the release but also precisely identifies the claims which will be released as those "made" or "which may have been made" "in this action." See Land & Sea Petroleum, Inc., v. Business Specialists, Inc., 53 So. 3d 348, 353 ("Here, the proposals for settlement clarified that they were 'made for the purpose of resolving all claims as well as any and all claims that could have been or should have been brought by [the brokers] against [the seller].' That language complied with rule 1.442(c)(2)(B) by 'identify[ing] the claim or claims the proposal is attempting to resolve.'").

We are unable to divine what "clarification" Russell Post might have needed to decide whether to accept the offer of settlement made to it in this case. However, any possible confusion as to the parties and claims to be released is fully and finally dispatched by the offer's requirement that "Post shall dismiss with prejudice any and all claims it may have against Leaders." See Ellis v. Weisbrot, 550 So. 2d 15, 16 (Fla. 3d DCA 1989) ("A dismissal with prejudice is tantamount

5

to a release."); <u>Eason v. Lau</u>, 369 So. 2d 600, 601 (Fla. 1st DCA 1978) ("[A] dismissal with prejudice under [Rule 1.420(a)] is equivalent to or tantamount to a release.").

The case before us is legally indistinguishable from <u>Jones v. Publix Supermarkets, Inc.</u>. 68 So. 3d 422 (Fla. 4th DCA 2011). In that case, the plaintiff, Jones, served a proposal for settlement "encompass[ing] all damages and expenses associated with this claim," in which he would "execute a full release of liability in favor of Publix Supermarkets, Inc., a Florida Corporation and it's [sic] affiliated insurance company." <u>Jones</u>, 68 So. 3d at 422. No further summary of the release terms was included, nor was a copy of the proposed release attached to the proposal for settlement. <u>Id.</u> Although a jury awarded Jones damages well in excess of the statutory amount necessary to trigger recovery under the offer of judgment statute and "everybody underst[ood] who is being released and who isn't," the trial court denied Jones recovery on the offer of judgment. <u>Id.</u> at 423. The Fourth District reversed the decision of the trial court, stating:

> In this case there are no other claims and no other potentially liable related parties. Therefore, under these facts and circumstances, the release provisions of Jones' proposal were sufficiently clear, "leaving no ambiguities so that the recipient can fully evaluate its terms and conditions."

<u>Id.</u>

6

The only distinguishing fact in our case is that the proposal of settlement was made by a defendant, not a plaintiff. However, like Jones, the present case involves litigation between two parties over a single claim – the amount of commission owed to Russell Post by Leaders Bank. The language of the proposed settlement expressly discusses the only two parties involved, the fact that the suit between those parties will be concluded, and that the parties will keep confidential the terms of the settlement from third parties. Under the facts of this case, Russell Post cannot reasonably claim confusion over the release and confidentiality terms of the proposed settlement, since no other possibilities existed to create reasonable ambiguity. See Eastern Atlantic Realty and Inv., Inc., v. GSOMR, LLC, 14 So. 3d 1215, 1221 (3d DCA 2009) (finding no ambiguity where "[n]o other actions were pending between the parties [and] the proposal clearly identified the parties to be released and the scope of that release").

Finally, the time limitation proposed for the acceptance of the settlement offer tracks the thirty-day requirement of both section 768.79(4) and Rule 1.442(f)(1). Russell Post cannot reasonably claim confusion over the offer's time limitation, especially where notice is provided both by the offer and by law. We therefore, reverse the trial court's denial of attorney fees under section 768.79(6)(a) and remand for a determination of the amount to be awarded.

Affirmed in part, and reversed in part with directions.