# Third District Court of Appeal

**State of Florida**

Opinion filed November 16, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-102
Lower Tribunal No. 10-3721
_____

**South Florida Pool and Spa Corp., etc., et al.,**
Appellants/Cross-Appellees,

vs.

**Sharpe Investment Land Trust Number J, etc.,**
Appellee/Cross-Appellant.

An Appeal from the Circuit Court for Miami-Dade County, Marc Schumacher, Judge.

Conroy Simberg, and Hinda Klein and Elizabeth A. Izquierdo (Hollywood), for appellants/cross-appellees.

Kluger, Kaplan, Silverman, Katzen & Levine, P.L., and Michael S. Perse, Philippe Lieberman and Jorge R. Delgado, for appellee/cross-appellant.

Before SHEPHERD, EMAS and SCALES, JJ.

SCALES, J.

Appellants, defendants below, South Florida Pool and Spa, Corp. ("Pool and Spa") and Candido Sanchez, appeal a final summary judgment evicting Pool and Spa from its commercial tenancy in Miami, Florida. Pool and Spa also appeals the trial court's denial of its motion seeking attorney's fees pursuant to a proposal for settlement after Pool and Spa prevailed in damages claims brought against Pool and Spa by its landlord Sharpe Investment Land Trust Number J d/b/a Miller Heights Shopping Center ("Landlord").

Landlord cross-appeals an order of the trial court limiting its eviction claim to Pool and Spa's alleged non-monetary breaches of the parties' commercial lease agreement. Without further discussion, we affirm the trial court's summary judgment of eviction, which renders Landlord's cross appeal moot. We write only to explain our affirmance of the trial court's denial of Pool and Spa's motion seeking attorney's fees pursuant to its proposal for settlement.

## I. Relevant Facts and Procedural Background

Alleging that its tenant had failed to pay monthly rent, Landlord, on January 20, 2010, sued Pool and Spa for eviction, and also sued Sanchez who had executed an unconditional guaranty of Pool and Spa's lease obligations. During the pendency of the case, a fire erupted in Pool and Spa's leased premises in February of 2010. Landlord filed an amended complaint, adding an eviction count based on Pool and Spa's failure to maintain insurance as required by the lease. The amended

2

complaint also included damages claims based on Pool and Spa's alleged lease breaches, and a negligence count against both defendants seeking damages resulting from the fire. Landlord pled entitlement to attorney's fees in each count.

Having already decided to sever Landlord's eviction claims from its damages claims, the trial court, in November of 2010, entered a summary judgment of eviction in Landlord's favor, determining that Pool and Spa had breached the lease agreement by its failure to procure adequate insurance. Pool and Spa appealed that summary judgment to this Court in case number 3D10-3403.[1] During the pendency of that appeal, Pool and Spa served a proposal for settlement on Landlord in January of 2012, pursuant to section 768.79 of the Florida Statutes and accompanying rule 1.442 of the Florida Rules of Civil Procedure. Pool and Spa's proposal offered $15,000.00 to settle Landlord's damages claims. The proposal was conditioned upon Landlord executing the general release attached to the proposal. Landlord did not accept the proposal for settlement.

After conducting a trial on Landlord's damages claims in November of 2014, the trial court entered a final judgment in Pool and Spa's favor, involuntarily dismissing all of Landlord's damages claims. Pool and Spa timely moved for fees pursuant to its January 2012 proposal for settlement. The trial court denied Pool and Spa's motion, determining that Pool and Spa's proposal ". . . is invalid because

---

[1] This Court dismissed this appeal as premature in August of 2012.

3

the plain language of the general release waives all claims for legal fees with no carve out for the legal fees relating to the eviction claims." Pool and Spa brings this appeal challenging the trial court's denial of its entitlement to fees pursuant to the proposal for settlement.

## II. Analysis

Landlord asserts that the general release attached to the proposal purports to release Pool and Spa from Landlord's fee claims associated with the eviction, while the language of the actual proposal purports to resolve all claims "with the exclusion of the Eviction Claims." Landlord argues that this inconsistency creates an ambiguity rendering Pool and Spa's proposal unenforceable.[2] We review de novo a trial court's determination that a proposal for settlement is unenforceable. Anhloan Tran v. Anvil Iron Works, Inc., 110 So. 3d 923, 925 (Fla. 2d DCA 2013).

As mentioned above, the two counts of Landlord's amended complaint seeking to evict Pool and Spa each contained a claim for fees.[3] In the body of Pool and Spa's proposal, under the heading "Conditions," the following appears:

---

[2] While Landlord identifies several other alleged ambiguities in Pool and Spa's proposal, the trial court identified this alleged ambiguity as its basis for declining to enforce Pool and Spa's proposal. Because we affirm on this ground, we need not address Landlord's other asserted infirmities in Pool and Spa's proposal for settlement.

[3] While not relevant to this appeal, we note that the trial court ultimately awarded Landlord some $56,000.00 in attorney's fees for the eviction proceedings. Pool and Spa has separately appealed that judgment to this Court in case number 3D16-840. We express no opinion as to the merits of that appeal.

4

> Upon acceptance of this Offer/Proposal, Plaintiff . . . shall enter into a Stipulation dismissing with prejudice all the pending claims, with the exclusion of the Eviction Claims which are currently pending on appeal, against Defendants . . . and shall execute the General Release marked as Exhibit A to this Proposal.

Under the heading "Attorney's fees" the body of the proposal reads: "This Offer includes attorneys' fees which are not part of the Negligence claim."[4] The general release attached as exhibit A to Pool and Spa's proposal, reads in relevant part:

> This Release covers any and all claims of the [Landlord] for compensatory damages, whether past, present, or future, and any and all other claims of consequential damages and expenses, including attorney's fees which have arisen, arise, or which may hereafter arise out of the matters which were alleged in, or could have been alleged in [the case] . . . .

In short, we agree with the trial court that it is simply unclear from reading both the proposal language and the language of the attached general release, whether Pool and Spa's $15,000.00 is meant to include Landlord's attorney's fee claim associated with its eviction, or whether the Landlord's fee claim is excepted from Pool and Spa's offer. This lack of clarity creates an ambiguity rendering the proposal unenforceable. Nationwide Mut. Fire Ins. Co. v. Pollinger, 42 So. 3d 890, 892 (Fla. 4th DCA 2010) (holding that an ambiguity in the proposal for settlement

---

[4] While not important to our disposition of this case, we note that, in the negligence count of Landlord's complaint, Landlord does, indeed, assert entitlement to fees by incorporating the fee entitlement paragraph found in the general allegations of the complaint.

affected the offeree's decision-making, therefore, rendering the proposal unenforceable).

We note that, while a stricter compliance with the version of rule 1.442 in effect at the time of the proposal might have helped eliminate some ambiguity,[5] as is often the case, the release attached to the proposal caused, rather than clarified, confusion and ambiguity. See Stasio v. McManaway, 936 So. 2d 676, 679 (Fla. 5th DCA 2006) (discrepancy between settlement proposal and attached release created an ambiguity as to the settlement amount offered by defendant); see also Palm Beach Polo Holdings, Inc. v. Vill. of Wellington, 904 So. 2d 652, 653-54 (Fla. 4th DCA 2005) (proposed general release attached to proposal for settlement caused confusion as to whether the release would extinguish claims unrelated to those in the pending action).

No doubt, some courts have encouraged the practice of attaching to the proposal the release that the offeror is requiring.[6] When the offeror does include the release as part of the proposal, great care should be taken to ensure that the

---

[5] The 2012 version of rule 1.442(c), governing the form and content of proposals, required proposals to "identify the claim or claims the proposal is attempting to resolve." Fla. R. Civ. P. 1.442(c)(2)(B).

[6] See Lyons v. Chamoun, 96 So. 3d 456, 458 (Fla. 4th DCA 2012) (holding that a proposal for settlement that provided plaintiff execute a full release, but did not attach release to its proposal, was too ambiguous to support an award of attorney's fees); but see Russell Post Props., Inc. v. Leaders Bank, 159 So. 3d 348, 349 (Fla. 3d DCA 2015) (finding that failure to attach a release is not necessarily fatal; sufficient reference to release in the proposal for settlement is enough).

release precisely and carefully mirrors the terms of the proposal so that no discrepancy between the two documents exists.[7]

## III. Conclusion

We affirm the trial court's summary judgment evicting Pool and Spa. This holding renders moot Landlord's cross appeal. We affirm the trial court's denial of Pool and Spa's motion for attorney's fees pursuant to its proposal for settlement.

Affirmed.

---

[7] Given our holding, we need not, and do not, reach the issue of whether a proposal for settlement that purports to carve out and settle monetary claims contained within equitable claims is enforceable.