# Third District Court of Appeal

## State of Florida

Opinion filed June 28, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1725
Lower Tribunal No. 11-23508
_____

**Kevin Dowd,**
Appellant,

vs.

**Geico General Insurance Company,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

DEEHL PLLC, and David L. Deehl; Mandina & Ginsberg, LLP, and Marc R. Ginsberg, for appellant.

Cole, Scott & Kissane, P.A., and Scott A. Cole and Kathryn L. Ender, for appellee.

Before EMAS, LOGUE, and SCALES, JJ.

LOGUE, J.

Plaintiff, Kevin Dowd, seeks review of the trial court's order awarding attorneys' fees pursuant to the proposals for settlement filed by his insurance carrier, Geico General Insurance Company. Because a discrepancy between the language in the proposals for settlement and the releases creates an ambiguity that renders the agreements unenforceable, we reverse.

The plaintiff was struck by an underinsured motorist while riding his bicycle within a pedestrian crosswalk. The plaintiff asserted that the accident resulted in severe and permanent injuries leading to damages in excess of $300,000. Ultimately, the plaintiff filed the underlying lawsuit against Geico seeking underinsured/uninsured motorist coverage through his own insurance policy. Geico filed an answer and affirmative defenses in response to the complaint.

Throughout the course of the litigation, Geico served two proposals for settlement upon the plaintiff.

The proposals for settlement provided in pertinent part:

The Defendant, GEICO GENERAL INSURANCE COMPANY, claims this proposal is attempting to resolve all of the claims for affirmative relief made by the Plaintiff, KEVIN DOWD, as against Defendant, GEICO GENERAL INSURANCE COMPANY, in the above-styled action and all claims for affirmative relief which could have been raised as compulsory claims by KEVIN DOWD to this action, as well as any current counter-claims.

However, the releases attached to each proposal for settlement contained noticeably broader language:

2

[Geico] is released on account of and from any or all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments executions, claims demands and liability whatsoever, including any and all claims for personal injuries, medical expenses or property damage, in law or equity, which against [Geico], [plaintiff] ever had, now has, or may have in the future (including any claim for wrongful death), or which his heirs, executors/administrators, successors/assigns, statutory survivors, and/or personal representatives, hereafter can, shall, or may have, arising on account of or in connection with any of the issues that were raised or could have been raised in Case Number: 2011 23508 CA 01 now pending in the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Miami, Dade County, Florida as well as any future action arising on account of or in connection with the accident which allegedly occurred on or about March 27, 2010.

[Plaintiff] understands and agrees that in accepting the sum stated above he does so in full settlement of any and all claims that he now has or which he may have in the future, or which might accrue to him or his heirs, statutory survivors, personal representatives, executors/administrators, successors/assigns, as against any of the herein Releasee [Geico] for damage or injuries as a result of or in connection with the incident described above, as well as for all consequences, effects, and results of any such injury or damages, whether the same is now known or unknown, expected or unexpected, or have already occurred or developed, or may be latent, or may in the future occur or develop.

The case was tried and the jury returned a verdict finding the plaintiff and the driver that struck him to each be 50% responsible. The jury awarded the plaintiff $110,000 for past medical expenses, but did not award future damages or past or future pain and suffering. Following a hearing on post-trial motions filed by both parties, the trial court entered final judgment in favor of the plaintiff in the

3

amount of $5,000.  Geico moved for attorneys' fees based on its proposals for settlement.[1]

The plaintiff argued that the proposals for settlement were ambiguous due to a discrepancy in the language between the actual proposals and the respective releases attached to each one.  The trial court subsequently held a hearing on Geico's motion for entitlement to fees and found that the proposals for settlement were not ambiguous and granted Geico entitlement to attorneys' fees.  An amended final judgment awarding Geico $45,000 was entered, and this appeal followed.

On appeal, the plaintiff again argues that language in the proposals for settlement cannot be reconciled with the language of the releases, thereby resulting in ambiguity.  We agree.

Florida Rule of Civil Procedure 1.442 requires that proposals for settlement be described with particularity.  While perfection is not required, clarity is.

> We recognize that, given the nature of language, it may be impossible to eliminate all ambiguity.  The rule does not demand the impossible.  It merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification.  If ambiguity within the proposal could reasonably affect the offeree's decision, the proposal will not satisfy the particularity requirement.

---

[1] The plaintiff appealed the final judgment, and this court issued a per curiam affirmance.  Dowd v. Geico Gen. Ins. Co., 179 So. 3d 332 (Fla. 3d DCA 2015) (table decision).

State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So. 2d 1067, 1079 (Fla. 2006).

A discrepancy between a limited proposal of settlement and a much broader release, as in this case, creates the type of ambiguity that runs afoul of the particularity requirement in the Rule. See S. Fla. Pool and Spa Corp. v. Sharpe Inv. Land Tr., 207 So. 3d 301, 303 (Fla. 3d DCA 2016) (holding that where it was unclear when reading a proposal for settlement in tandem with its accompanying release whether a claim for fees was included or excluded from the settlement, the "lack of clarity creates an ambiguity rendering the proposal unenforceable").

Here, the plaintiff may still have had a viable PIP claim against Geico and it is unclear under the terms of the releases whether such a claim was intended to be included among those being released. While it is not a "compulsory" claim as set forth in the proposals, it may fall under the umbra of the broader release language. Accordingly, the plaintiff's decision to accept or reject the proposals was reasonably affected by the ambiguity created among the documents. See Nichols, 932 So. 2d at 1079.

Given that Geico's entitlement to attorneys' fees was based upon the proposals for settlement and we hold the proposals to be unenforceable because of the ambiguity created between the releases and the proposals, we reverse the order on appeal and remand for further proceedings consistent with this opinion.

Reversed and remanded.