DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HENRY VEGA,**
Appellant,

v.

**GEOVERA SPECIALTY INSURANCE COMPANY,**
Appellee.

No. 4D2024-1397

[October 22, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. CACE-17-007442.

Melissa A. Giasi of Giasi Law, P.A., Tampa, for appellant.

Maureen G. Pearcy of Paul R. Pearcy, P.A., Miami, and Joseph V. Manzo of Hinshaw & Culbertson, LLP, Coral Gables, for appellee.

PER CURIAM.

Henry Vega ("the Insured") appeals the final judgment awarding attorney's fees and costs to GeoVera Specialty Insurance Company ("GeoVera"), and the order denying his motion for rehearing and/or relief. We affirm the circuit court's determination that GeoVera was entitled to recover fees and costs pursuant to its proposal for settlement. We reverse the monetary award because the amount of the award was not noticed to be heard at a hearing on the issue of entitlement to fees.

The Insured sued GeoVera for breach of contract for refusing to cover tornado damage. Final judgment was entered in favor of GeoVera.

GeoVera moved for attorney's fees and costs based on a proposal for settlement it had previously served on the Insured. Ultimately, the case was set for hearing on GeoVera's entitlement to attorney's fees on February 1, 2024. At the hearing, neither the Insured nor his attorney appeared. The circuit court entered an order granting GeoVera's motion and awarding $47,790.20 in attorney's fees and costs.

We affirm the order's determination that GeoVera's proposal for settlement was enforceable. We do not find any ambiguity in the indemnification provision in the release attached to the proposal.

Nor do we find the Insured's reliance on *Dowd v. Geico General Insurance Co.*, 221 So. 3d 772 (Fla. 3d DCA 2017), to be persuasive. That case involved the enforceability of a proposal for settlement in a suit between an insured and Geico for underinsured/uninsured motorist coverage. *Id.* at 773. During the litigation, Geico served two proposals for settlement upon the plaintiff. *Id.* Each proposal stated that it was an attempt to resolve "all of the claims for affirmative relief made by the Plaintiff . . . and all claims for affirmative relief which could have been raised as compulsory claims by [the Plaintiff] to this action, as well as any current counter-claims." *Id.* However, the accompanying releases "contained noticeably broader language" and would have discharged "all consequences, effects, and results of any such injury or damages, whether the same is now known or unknown, expected or unexpected, or have already occurred or developed, or may be latent, or may in the future occur or develop." *Id.* The Third District concluded the discrepancy between the limited proposal and the much broader release created an ambiguity because "the plaintiff may still have had a viable PIP claim against Geico and it is unclear under the terms of the releases whether such a claim was intended to be included among those being released." *Id.* at 774. In other words, the ambiguity arose not because of the release's broad language, but because the plaintiff may still have had a viable PIP claim (separate from the lawsuit) which would have been included in the release, even though it fell outside the scope of the proposal.

Here, unlike *Dowd*, there is no discrepancy between the proposal and the release because the release, like the proposal, identifies that it is intended to fully and completely resolve "the claims asserted or which could have been asserted by it **in the lawsuit set forth above against GeoVera**, any claims arising out of and/or related to those claims, and/or the adjustment of those claims." (Emphasis added). This is not a situation, as the Insured argues, where the release purports to include future claims "completely unrelated to the above-styled lawsuit," such as a future sinkhole property damage claim. Nor is this a situation where the Insured may have had a present viable claim against GeoVera separate from the claims asserted in the underlying action, like the plaintiff's PIP claim in *Dowd*. The underlying action was a straightforward breach of contract claim. *See generally Bd. of Trs. of Fla. Atl. Univ. v. Bowman*, 853 So. 2d 507, 509 (Fla. 4th DCA 2003) ("In the instant case, the language in the General Release, even though expansive, is typical of other general releases and is clear and unambiguous.").

We agree with the Insured, however, that the circuit court improperly expanded the scope of the entitlement hearing to determine the amount of attorney's fees and costs.

"A trial court violates a litigant's due process rights when it expands the scope of a hearing to address and determine matters not noticed for hearing." *Epic Metals Corp. v. Samari Lake E. Condo. Ass'n,* 547 So. 2d 198, 199 (Fla. 3d DCA 1989).

Here, the notice of hearing identified the motion to be heard as GeoVera's "Motion for Entitlement to Attorney's Fees and Costs." Although GeoVera's motion set forth the amounts claimed and contained supporting documentation, the motion's stated purpose was to determine the issue of entitlement only. Not only was the motion specifically titled a "Motion for Entitlement to Attorney's Fees and Costs," but the entire argument section focused exclusively on whether the proposal for settlement was enforceable and, in turn, whether GeoVera was entitled to recover attorney's fees and costs. Also, in the motion, GeoVera specifically "reserve[d] the right to file a supplemental expert[ ] affidavit in support of its Motion for Attorney's Fees following the court's ruling upon their entitlement to said fees."

GeoVera's motion and notice of hearing clearly anticipated a hearing and ruling on the entitlement issue before proceeding to a separate hearing to determine the amount of attorney's fees and costs. This makes sense, as the issue of entitlement to fees is often bifurcated from the issue of the amount of fees to be awarded. *See generally Fuller v. Torcise*, 388 So. 3d 904, 905 (Fla. 3d DCA 2024) ("The trial court bifurcated entitlement to fees and costs from determination of the amount of attorney's fees.").

Given the language of the notice of hearing and the related motion, the circuit court violated the Insured's due process rights when it expanded the scope of the entitlement hearing to determine the amount of fees and costs. *See Epic Metals Corp.*, 547 So. 2d at 199 (holding that because "[n]either a motion nor notice of hearing to determine entitlement to the setoff was made," the trial court violated a litigant's due process rights by entering an order which summarily determined entitlement to a setoff); *First Cmty. Ins. Co. v. Adjei*, 365 So. 3d 1208, 1210–11 (Fla. 3d DCA 2023) (holding that the trial court violated a litigant's due process rights by considering an unnoticed ore tenus motion at a case management conference scheduled to address pending motions).

*Affirmed in part, reversed in part, and remanded for a hearing to determine the amount of attorney's fees and costs to be awarded.*

GROSS, CONNER and SHEPHERD, JJ., concur.

\*      \*      \*

*Not final until disposition of timely-filed motion for rehearing.*